*587
 
 GRIFFIS, J., for the Court.
 

 ¶ 1. Larry W. Brown appeals the circuit court’s denial of his motion for post-conviction collateral relief. He argues that: (1) the circuit court improperly allowed the State to amend the indictment, and (2) he received ineffective assistance of counsel. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Brown was indicted for one count of manufacturing a controlled substance— marijuana—and one count of possession with intent to sell, transfer, or distribute more than one kilogram of marijuana. On November 17, 2005, Brown entered a guilty plea to both counts. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections for each count, with the two sentences to run concurrently. Five years of each count were suspended, and Brown was placed on five years of post-release supervision.
 

 ¶ 3. Thereafter, Brown filed his motion for post-conviction collateral relief. The motion was denied. From this ruling, he appeals.
 

 STANDARD OF REVIEW
 

 ¶ 4. A circuit court’s denial of post-conviction collateral relief will not be reversed absent a finding that the court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶3) (Miss.Ct. App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 1. Amended Indictment
 

 ¶ 5. Brown argues that the circuit court improperly allowed the State to amend the grand jury indictment against him. Specifically, he contends that the amendment was substantive in nature and should have been determined by the grand jury, not the circuit court. The State responds that the errors corrected by the amendment were merely clerical in nature and did not affect the substance of the charges in the indictment.
 

 ¶ 6. Our supreme court has held that “a guilty plea waives any claim to a defective indictment.”
 
 Harris v. State,
 
 757 So.2d 195, 197(¶ 9) (Miss.2000) (citing
 
 Jefferson v. State,
 
 556 So.2d 1016, 1019 (Miss.1989)). Brown pleaded guilty to both counts subsequent to the amendment of his indictment. He thereby waived the assignment of error that he now asserts. Such waiver notwithstanding, we find that the amendment of his indictment was valid.
 

 ¶ 7. Brown’s original indictment was labeled a multi-count indictment under Mississippi Code Annotated section 99-7-2 (Rev.2007). Count I of the original indictment charged that Brown:
 

 unlawfully, willfully, feloniously, knowingly and intentionally, without authority of law, manufaeture[d] a controlled substance, to-wit 2,092.7 grams of marihuana, which is a Schedule I controlled substance as provided for by Section 41-29-113(c)(12) of the Mississippi Code of 1972, Annotated, as amended, said amount of marihuana being more than one (1) kilogram, in violation of the provisions of Section 41-29-139(a)(l) of the Mississippi Code of 1972, Annotated, as amended, which offense is punishable by imprisonment not exceeding thirty (30) years and by a fine of not less than One Thousand Dollars ($1,000.00) nor more than One Million Dollars ($1,000,000.00) or both,....
 

 ¶ 8. The indictment then listed a second, separate count; however, the second count was erroneously labeled Count I instead of Count II. That count charged that Brown:
 

 
 *588
 
 unlawfully, willfully, feloniously, knowingly and intentionally, without authority of law, have in his/her possession a certain controlled substance, to-wit 1,183.9 grams of marihuana, which is a Schedule I controlled substance as provided for by Section 41-29-113(c)(12) of the Mississippi Code of 1972, Annotated, as amended, said amount of marihuana being more than one (1) kilogram, with the unlawful and felonious intent to sell, transfer or distribute the said controlled substance, in violation of the provisions of Section 41-29-139(a) of the Mississippi Code of 1972, Annotated, as amended, which offense is punishable by imprisonment not exceeding thirty (30) years and by a fíne of not less than One Thousand Dollars ($1,000.00) and not exceeding One Million Dollars ($1,000,000.00) or both,....
 

 ¶ 9. Brown filed a motion to dismiss based on certain discrepancies in the indictment. The State filed a motion to amend the indictment. A hearing was held by the circuit court on both motions.
 

 ¶ 10. The error contained in the indictment was the statement that marijuana is a Schedule I controlled substance under Mississippi Code Annotated section 41-29-113(c)(12) (Rev.2005). In fact, the correct citation is section 41-29-113(c)(14). The citation used in the indictment refers to the Schedule I controlled substance ibo-gaine. Thus, in both counts, the indictment referred to the substance as marijuana but cited the statute section referencing ibogaine.
 

 ¶ 11. The circuit court allowed the State to amend the indictment to correct the erroneous citation, finding that the language in the indictment was sufficient to place Brown on notice of his charges such that he could prepare his defense. We agree. As the State argues, the corrected citation did not change the substance of the crime charged
 
 or
 
 affect Brown’s defense strategy; thus, the circuit court did not err by allowing the amendment and denying Brown’s motion to dismiss.
 

 ¶ 12. This very issue was addressed in
 
 Cowan v. State,
 
 399 So.2d 1346, 1351 (Miss.1981), where the supreme court held that it was proper to allow the State to amend an indictment containing the incorrect citation for the charged offense. The citation to the applicable code section was surplusage and unnecessary when the charged offense was certainly and substantially described.
 
 Id.
 

 ¶ 13. Furthermore, “[a]ll indictments may be amended as to form but not as to the substance of the offense charged.” URCCC 7.09. The supreme court has held that:
 

 a change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant’s case. The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made.
 

 Greenlee v. State,
 
 725 So.2d 816, 822(¶ 10) (Miss.1998) (internal citations and quotation omitted).
 

 ¶ 14. Brown’s original indictment clearly stated that the controlled substance at issue was marijuana. At his plea hearing, Brown admitted under oath that he was growing marijuana at his residence. Brown was fully aware that bags of marijuana, marijuana plants, and other items used to grow and package marijuana had been confiscated from his home. We find that the corrected citation did not alter the essential facts of the offense, nor did it
 
 *589
 
 prejudice Brown’s defense. Accordingly, this issue is without merit.
 

 2. Ineffective Assistance of Counsel
 

 ¶ 15. Brown next asserts that he would not have entered a guilty plea but for the errors of his counsel. He claims that he lied to the circuit judge during his plea hearing because his counsel told him that he would receive a sentence of sixty years if he did not plead guilty. He further asserts that his counsel advised him that he would receive probation in exchange for a guilty plea.
 

 ¶ 16. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests -with the defendant to show both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 17. Brown offers nothing more than his own assertions to prove any deficiency on the part of his counsel. In fact, his statements made under oath at his plea hearing wholly contradict the assertions he now brings on appeal. He testified that he was satisfied with the work of his counsel, and his counsel reviewed his plea petition with him that he signed and submitted to the circuit court. Accordingly, this issue is without merit.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.