KING, Justice,
for the Court:
¶ 1. Craig Sallie was convicted of aggravated assault for shooting Gregory Johnson in the back with a firearm, as well as of possession of a firearm by a convicted felon. He was sentenced to twenty years for the aggravated assault conviction and ten years for the possession of a firearm conviction, to run concurrently. The trial court also sentenced Sallie to an additional ten years pursuant to the firearm sentence enhancement statute, with that sentence to run consecutively to the other sentences. The Court of Appeals affirmed Sallie’s convictions and sentence, finding that the trial court did not err by limiting Sallie’s cross-examination of Johnson, and that Sallie’s lack of notice of the firearm enhancement did not render the sentence illegal. Sallie moved for rehearing, which the Court of Appeals denied. Sallie then petitioned this Court for certiorari review. We granted Sallie’s petition to address the issue of whether Sallie was entitled to notice of the firearm enhancement to his sentence.
FACTS AND PROCEDURAL HISTORY
¶ 2. For the most part, the recitation of relevant facts is taken from the Court of Appeals opinion:
Prior to the incident giving rise to Sallie’s convictions, Sallie accused Johnson of stealing a bottle of whiskey from him. Johnson testified that Sallie had threatened him twice regarding the whiskey. On November 28, 2011, an unarmed Johnson walked past Sallie’s house en route to his own home.[ ] According to Johnson, as he walked past Sallie’s house, Sallie yelled to him, demanding that Johnson come into his yard. Johnson refused and told Sallie to come into the street so that they could settled the dispute like men. Johnson admitted that he called Sallie a coward and a b* * * *.■ He testified that Sallie then pulled out a gun and stated, “Naw, you come in my yard.” When Johnson turned to walk away, Sallie started shooting at him. Sallie shot Johnson five times, with one bullet hitting Johnson in the spine, paralyzing him from the waist down. In his statement to the police, Sallie claimed that Johnson came into his yard acting like he was drunk and “maybe high.” He also stated that Johnson initiated the dialogue and that he was “mumbling” words to Sallie. Sallie added that he “reacted without conscious” and shot Johnson, but that he did not initially intend to get violent with him.
Johnson admitted that he drank whiskey and smoked marijuana on the day of the incident before the shooting occurred. He denied using cocaine that day, but admitted that he had used cocaine in the past....
Sallie v. State, 155 So.3d 872, 873, 2013 WL 6233904, at *1, 2012-KA-01280-COA (Miss.Ct.App. Dec. 3, 2013).
¶ 3. At the close of the trial, the jury was instructed. The jury instruction on aggravated assault required that the jury find beyond a reasonable doubt that Sallie “[d]id purposely, knowingly, feloniously and intentionally cause or attempt to cause bodily injury to Gregory Johnson, a human being, by the use of a deadly weapon or other means likely to produce death or *762 serious bodily harm” and that he did so “[b]y shooting Gregory Johnson in the back with a firearm.” Moreover, the jury instruction on possession of a firearm by a convicted felon required that the jury find beyond a reasonable doubt that Sallie “[djid unlawfully, knowingly and felo-niously possess a firearm” when Sallie “had previously been convicted of a felony offense.” After the jury convicted Sallie on both counts, the trial judge scheduled the sentencing hearing and stated that “I also wish to consider the firearm enhancement as provided by 97-37-37(2).” See Miss.Code Ann. § 97-37-37(2) (Rev. 2014) (“any convicted felon who uses or displays a firearm during the commission of any felony shall ... be sentenced to an additional term of imprisonment ... of ten (10) years.... ”).
¶ 4. At the sentencing hearing, Sallie objected to consideration of the Section 97-37-37 firearm enhancement based on a lack of notice from the State and based on the trial court raising the enhancement sua sponte. The trial court sentenced Sallie to twenty years for aggravated assault, ten years for felon in possession of a firearm, and then enhanced his sentence by ten years under Section 97-37-37(2).
¶ 5. Sallie appealed, arguing that the trial court erred by limiting Sallie’s cross-examination of Johnson regarding Johnson’s alleged cocaine use, and arguing that the firearm enhancement to his sentence was illegal given that he did not receive fair, pretrial notice that he might be sentenced under that statute. Sallie argued that the lack of notice, or unfair surprise, regarding the firearm enhancement violated due process. The Court of Appeals affirmed Sallie’s convictions and sentence. It found that the trial court “did not abuse its discretion in sustaining the State’s objection to defense counsel’s line of questioning inferring that Johnson had used cocaine on the day of the incident.” Sallie, 155 So.3d at 874, 2013 WL 6233904, at *2. The Court of Appeals then found that the enhanced portion of Sallie’s sentence was legal. It analyzed Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and found that all the elements of the firearm enhancement had properly been submitted to the jury and had been found by the jury beyond a reasonable doubt. It concluded that the indictment need not make reference to the enhancement statute, therefore, there was no unfair surprise regarding the firearm enhancement.
¶ 6. Sallie filed a petition for writ of certiorari with this Court, which we granted. We agree that the trial court did not abuse its discretion by limiting Sallie’s cross-examination of Johnson. Therefore, we limit our review to the question of whether Sallie received fair notice of the firearm enhancement. See Guice v. State, 952 So.2d 129, 133 (Miss.2007) (Supreme Court “unquestionably” has the authority to limit the issues on review).
ANALYSIS
¶ 7. Whether a defendant received fair notice of a sentence enhancement is a question of law that we review de novo. See Williams v. State, 131 So.3d 1174, 1176-77 (Miss.2014).
¶ 8. We agree with the Court of Appeals that the jury must find the elements of the firearm enhancement beyond a reasonable doubt under Apprendi before a trial court may apply the enhancement.[1] *763 We also agree that, given the elements of the crimes as listed in the jury instructions, the jury in this case found the elements of the firearm enhancement beyond a reasonable doubt. That analysis, however, fails to address the crux of Sallie’s argument, that he has a right to fair notice that the sentence enhancement is being sought.[2]
¶ 9. Sallie’s indictment did not indicate that the State would seek any sentence enhancement. Furthermore, the State in no way indicated pretrial that it would seek the firearm enhancement.[3] Only after the jury convicted Sallie did Sallie receive any indication that the trial court might consider the firearm enhancement at sentencing.
¶ 10. The firearm enhancement applied to Sallie’s case applies when a prior convicted felon uses or displays a firearm during the commission of a felony. Miss. Code Ann. § 97-37-37(2) (Rev. 2014). Uniform Rule of Circuit and County Practice 7.09 provides that
... Indictments may ... be amended ... to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement. ...
Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
URCCC Rule 7.09. Moreover, the firearm enhancement clearly increases a defendant’s sentence beyond the maximum allowed for the underlying offenses.[4] Miss. Code Ann. § 97-37-37(2) (Rev. 2014) (the enhancement is “in addition to the punishment provided” for the underlying felony). Generally, indictments must include information specific enough to allow a defendant to determine what punishment he faces. See Apprendi, 530 U.S. at 478-81, 120 S.Ct. 2348; Gowdy v. State, 56 So.3d 540, 546 (Miss.2010) (“[Njotice of the charge includes notice of the applicable minimum and maximum penalties.”). Sallie received no proper notice regarding the fact that he was facing a firearm enhancement that would increase his sentence by ten years. The dissent confuses the issue by citing an Oregon case that determines that Apprendi only requires that the jury find the elements of the offense, not that they be included in the indictment. We agree, as is explicitly stated in Paragraph 8 of this opinion: “We agree with the Court of Appeals that the jury must find the elements of the firearm enhancement beyond a reasonable doubt under Appren-di before a trial court may apply the enhancement. We also agree that, given the elements of the crimes as listed in the jury *764 instructions, the jury in this case found the elements of the firearm enhancement beyond a reasonable doubt.” The dissent’s reasoning is a red herring. We analyze under our state caselaw whether Sallie received fair notice of the maximum penalty to which he was subjected. He did not.
¶ 11. In Gowdy, this Court examined an indictment that was amended post-conviction to add habitual offender status. Gow-dy, 56 So.3d at 542. The Court found that “the State may not amend the indictment to add an enhanced penalty after conviction.” Id. at 545 (emphasis in original). The Court pointed to Rule 7.09 in support of this, as it provides that the defendant be afforded a fair opportunity to present a defense and must not be unfairly surprised by an amendment to an indictment. Id. As the Court noted in Gowdy, increasing a defendant’s potential punishment after trial unfairly strips him of the ability to consider the increased sentence when considering plea bargains. Id. at 546. Knowledge of the potential punishment may also influence a defendant’s trial strategy.
¶ 12. In Boyd v. State, this Court examined a case in which the defendant was placed on notice during pretrial proceedings, on the day of trial, that the State was seeking a subsequent drug offender sentencing enhancement. Boyd v. State, 113 So.3d 1252, 1255 (Miss.2013). The Court cited Gowdy with approval, and found that the verbal notice given to the defendant on the date of trial was not sufficient, specifically noting that “[t]he verbal notice given by the State did not sufficiently inform Boyd what his sentence might be if he were found to be a subsequent offender.” Id. at 1256. The court found “that adequate notice is achieved through formal pleadings which include the specific amendment to be offered and which are filed sufficiently in advance of trial to ensure that a defendant will have a ‘fair opportunity to present a defense’ and will not be ‘unfairly surprised.’ ” Id. This Court also considered a subsequent drug offender enhancement in Williams. Williams, 131 So.3d at 1178. The Court found that the State failed to offer a “specific amendment” to charge the defendant as a subsequent drug offender, and noted that he was first apprised of this enhancement at his sentencing hearing. Id. The Court thus found that the defendant was not given proper notice in advance of trial that the State was going to seek enhanced punishment, and reversed the sentence. Id.
¶ 13. Likewise, in the case at hand, Sallie was not given adequate pretrial notice that an enhanced punishment would be sought until after his conviction. The lack of notice violated his right to due process, as he was not given a fair opportunity to present a defense and he was unfairly surprised by the post-conviction notice that the firearm enhancement would be considered. Thus, we must reverse the portion of Sallie’s sentence that constitutes the firearm enhancement.
CONCLUSION
¶ 14. We decline to find error that would reverse Sallie’s convictions. Therefore, we affirm in part the judgments of the Court of Appeals and the trial court. However, we find that Sallie did not receive timely or sufficient notice that the State intended to enhance his sentence using the firearm enhancement. Using the firearm enhancement to increase Sallie’s sentence resulted in unfair surprise. Accordingly, we reverse in part the judgments of the Court of Appeals and the trial court, vacate Sallie’s sentence, and remand the case to the Madison County Circuit Court for resentencing.
*765 ¶ 15. THE JUDGMENTS OF THE COURT OF APPEALS AND THE MADISON COUNTY CIRCUIT COURT ARE AFFIRMED IN PART AND VACATED IN PART, AND THIS CASE IS REMANDED.
WALLER, C.J., KITCHENS, CHANDLER AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, CHANDLER AND COLEMAN, JJ. RANDOLPH, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY LAMAR AND PIERCE, JJ.

. Mayers v. State, 42 So.3d 33, 45-46 (Miss.Ct.App.2010), cited by the dissent, also focused on an Apprendi analysis, and did not specifically analyze the issue of the right to fair notice, making only generalized statements about notice in the context of the Ap- *763 prendí analysis. In any event, to the extent it is inconsistent with today’s opinion, Mayers is overruled.

.The Court of Appeals determined that Sallie did not cite any authority that mandated the State include the language of Section 97-37-37(2) in the indictment, thus, the issue was without merit. However, in his briéf to the Court of Appeals, Sallie cited several cases and rules that provide that criminal defendants must be given reasonable notice that the State plans to seek a sentence enhancement.

. We recognize that the prosecutors in this case did not actually seek the firearm enhancement, but that the trial court raised it sua sponte. However, after the trial court raised the issue, the prosecutors argued in support of applying the firearm enhancement to Sallie’s sentence.

. Sallie was sentenced to the maximum sentences under the aggravated assault and felon in possession of a firearm statutes, and then had the ten year firearm enhancement added onto the sentences.