LEE, C.J., DISSENTING:
 

 ¶ 11. The majority affirms the trial court's resentencing of Sallie on remand following the supreme court's decision to vacate a portion of Sallie's sentence based upon the firearm enhancement. Because the supreme court had affirmed Sallie's original sentences, notwithstanding the vacation of the firearm enhancement, I find that the trial court lacked jurisdiction to restructure Sallie's sentences to run consecutively where the original sentences were ordered to run concurrently. Furthermore, the restructuring of the sentences resulted in a greater sentence than the original sentence, which violates well-settled caselaw on the matter. Thus, I respectfully dissent.
 

 ¶ 12. In 2012 Sallie was convicted and sentenced to serve twenty years for aggravated assault and ten years for felon in possession of a firearm, ordered to run concurrently, with an additional ten years under the firearm-enhancement statute, for a total of thirty years. On appeal this Court affirmed both the convictions and the sentences of Sallie.
 
 Sallie v. State
 
 ,
 
 155 So.3d 872
 
 , 875-76 (¶ 13) (Miss. Ct. App. 2013) (vacated in part).
 

 ¶ 13. On writ of certiorari, the supreme court affirmed in part and reversed in part the judgments of the trial court and this Court.
 
 Sallie v. State
 
 ,
 
 155 So.3d 760
 
 , 764 (¶ 14) (Miss. 2015). The supreme court clearly indicated that its review of Sallie's appeal was limited only "to address the issue of whether Sallie was entitled to notice of the firearm enhancement to his sentence."
 

 Id.
 

 at 761
 
 (¶ 1). The supreme court affirmed the convictions and sentences of Sallie but "reverse[d] the
 
 portion
 
 of Sallie's sentence that constitute[d] the firearm enhancement," due to the "lack of notice ... [and] unfair surprise by the post-conviction notice that the firearm enhancement would be considered."
 

 Id.
 

 at 764
 
 (¶ 13) (emphasis added). Accordingly, the case was remanded to the trial court for resentencing.
 

 Id.
 

 at (¶ 14).
 

 ¶ 14. On remand the trial court sentenced Sallie again to serve twenty years for aggravated assault and ten years for felon in possession of a firearm, to run
 
 consecutively
 
 for a total of thirty years, as opposed to the original sentence ordered to run
 
 concurrently
 
 . The resentencing resulted in the same amount of time imposed by the original sentence, which included the ten-year firearm enhancement that was vacated by the supreme court as unconstitutional. With the vacation of the firearm enhancement, the new sentence now
 
 exceeds
 
 the original sentence of twenty years.
 

 ¶ 15. The trial court lacked jurisdiction to alter Sallie's sentences from concurrent to consecutive because the supreme court had affirmed these portions of Sallie's sentences as noted in the court's mandate: "[t]he judgements of the Court of Appeals and the Madison County Circuit Court are affirmed in part and vacated in part ...."
 

 Id.
 

 at 765
 
 (¶ 15). The "vacated in part" refers only to the firearm enhancement as indicated by the court's grant of a limited review only "to address the issue of whether Sallie was entitled to notice of the firearm enhancement to his sentence."
 

 Id.
 

 at 761
 
 (¶ 1). The court's review dealt only with the addition of the firearm enhancement "to his sentence" and not the sentence itself. Again, the court accordingly stated, "[W]e must reverse the
 
 portion
 
 of Sallie's sentence that constitutes the firearm enhancement."
 

 Id.
 

 at 764
 
 (¶ 13) (emphasis added). Because the court reversed only a portion of Sallie's sentence-namely the firearm enhancement-the remaining portions of the sentence were included in the "affirmed in part" order of the court
 and thus were not within the jurisdiction of the trial court to alter upon remand.
 

 ¶ 16. In addition to the trial court's lack of jurisdiction to alter the sentence on remand, its resentencing was illegal. The supreme court has also held that "once a circuit or county court exercises its option to impose a definite sentence, it cannot subsequently set such a sentence aside and impose a greater sentence."
 
 Leonard v. State
 
 ,
 
 271 So.2d 445
 
 , 447 (Miss. 1973). That principle was further reiterated by this Court in
 
 Eastman,
 
 where we held that a court may "enforce the terms of the original sentence ... [but] act[s] improperly by amending the initial sentence [to a greater sentence], as our caselaw has long held such alterations are improper."
 
 Eastman v. State
 
 ,
 
 909 So.2d 171
 
 , 173 (¶ 10) (Miss. Ct. App. 2005). The trial court's resentencing of Sallie on the convictions of aggravated assault and felon in possession of a firearm improperly amended Sallie's original sentence of twenty years on those two convictions to a greater sentence of thirty years.
 

 ¶ 17. The majority acknowledges that a trial court cannot issue a greater sentence on remand than that which was previously ordered following trial, nor can it restructure concurrent sentences into consecutive sentences to result in a greater overall sentence. However, the majority believes that this principle is not violated here because Sallie's original overall sentence (including the firearm enhancement) was thirty years, and he was resentenced (without the firearm enhancement) to thirty years, resulting in no greater sentence but rather the same length of time. The configuration is misguided. The supreme court's vacation of the firearm enhancement left in effect the original sentence of twenty years for aggravated assault and ten years for felon in possession of a firearm, to run concurrently for a total of twenty years. The trial court's resentencing exceeds by ten years the original sentence as it remains after the supreme court's mandate to vacate the firearm enhancement.
 

 ¶ 18. The trial court lacked jurisdiction to amend the portions of Sallie's sentence that were affirmed by the supreme court. Further, I do not find that the supreme court's vacation of the firearm enhancement was simply to allow the trial court to reconfigure Sallie's sentence again to achieve the same amount of time as the original and vacated sentence by disrupting well-settled law that a trial court cannot impose a greater sentence than that which it has already ordered. I believe the trial court erred in restructuring Sallie's original concurrent sentences to run consecutively, both violating the supreme court's mandate and resulting in a greater sentence than that which was originally imposed for the two convictions; thus, the sentence is illegal. Therefore, I respectfully dissent.
 

 JAMES, J., JOINS THIS OPINION; IRVING, P.J., JOINS THIS OPINION IN PART.