# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01652-COA

**JAMEIL CLARK A/K/A JAMEIL LEE CLARK**         **APPELLANT**
**A/K/A JAMEIL L. CLARK**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/20/2015 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/20/17 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Jameil Clark was indicted for aggravated assault in the Circuit Court of Hinds County. The indictment charged an enhancement under Mississippi Code Annotated section 41-29-152 (Rev. 2013) (which deals with drug offenses). However, the State realized that the sentence enhancement was under Mississippi Code Annotated section 97-37-37 (Rev. 2014). On the State's motion, the indictment was then amended to reflect the correct statute. Clark pled guilty and was sentenced to twenty years in the custody of the Mississippi Department

of Corrections (MDOC) for aggravated assault, with five years suspended, plus a consecutive five years under the firearm-enhancement statute charged by the amendment of the indictment, for a total of twenty years to serve. Clark filed a motion for postconviction relief (PCR), which was denied. Clark timely appeals. After review of the record, we affirm the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 28, 2015, Clark prepared to enter an open plea on the charge of aggravated assault. However, his attorney moved to strike the second paragraph of the indictment as surplusage. Clark argued that the enhancement listed was for controlled substances and completely inapplicable to his indictment. The State conceded that it was the wrong code section; however, the State claimed the mistake was a scrivener's error. The circuit court offered to postpone the plea; however, Clark went ahead and entered the guilty plea.

¶3. On July 2, 2016, the circuit court sentenced Clark to twenty years in the custody of MDOC for aggravated assault, with five years suspended, leaving fifteen years to serve. Clark was also sentenced to a consecutive five-year firearm enhancement, resulting in a total of twenty years to serve. He was also sentenced to five years of postrelease supervision. Clark filed his PCR motion, which the circuit court denied. Clark timely appeals.

## STANDARD OF REVIEW

¶4. In PCR cases, "we will not disturb the trial court's findings unless they are found to be clearly erroneous." *Jackson v. State*, 965 So. 2d 686, 699 (¶6) (Miss. 2007) (citations omitted). "However, if questions of law are raised, then the applicable standard of review

2

is de novo." *Id*. "Whether a defendant received fair notice of a sentence enhancement is a question of law that we review de novo." *Sallie v. State*, 155 So. 3d 760, 762 (¶7) (Miss. 2015) (citation omitted).

**DISCUSSION**

### I.     Notice

¶5.     In the order denying Clark's PCR motion, the circuit judge limited the issue to "notice." "Generally, indictments must include information specific enough to allow a defendant to determine what punishment he faces." *Sallie*, 155 So. 3d at 763 (¶10) (citation omitted). "Notice of the charge includes notices of the applicable minimum and maximum penalties." *Id. (*quoting *Gowdy v. State,* 56 So. 3d 540, 546 (¶20) (Miss. 2010)). *"*Further, an indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of future prosecution for the same offense." *Townsend v. State*, 188 So. 3d 616, 620 (¶13) (Miss. Ct. App. 2016).

¶6.     Clark uses the facts in *Sallie* to argue the circuit court erred in enhancing his sentence under section 97-37-37 because of inadequate notice under the United States and Mississippi Constitutions. However, the facts in this case present a distinct contrast to the facts in *Sallie*. In *Sallie*, the defendant's "indictment did not indicate that the State would seek *any* sentence enhancement." *Sallie*, 155 So. 3d at 763 (¶9) (emphasis added). Furthermore, the State in *Sallie* did not indicate pretrial that it would seek the firearm enhancement. *Id*. "It is fundamental that courts may amend indictments only to correct defects of form[;] however,

3

defects of substance must be corrected by the grand jury." *Spears v. State*, 942 So. 2d 772, 774 (¶6) (Miss. 2006) (citations omitted). Clark's indictment contained reference to the wrong statute number (section 41-29-152); however, the indictment also contained reference to the firearm-enhancement statute (section 97-37-37). This Court has previously opined, "[I]f from a reading of the indictment as a whole the accused is in fact given fair notice of that with which he has been charged, the indictment is legally sufficient." *Townsend*, 188 So. 3d at 620 (¶14).

¶7. In Clark's case, a fair reading of the indictment as a whole indicates the State's intent to pursue the sentence enhancement under section 97-37-37. "Furthermore, all indictments may be amended as to form but not as to the substance of the offense charged." *Brown v. State*, 12 So. 3d 586, 588 (¶13) (Miss. Ct. App. 2009); *see also* URCCC 7.09. The Supreme Court has held:

> [A] change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case. The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made.

*Greenlee v. State,* 725 So. 2d 816, 822 (¶10) (Miss. 1998) (internal citations omitted).

¶8. Clark's attorney presented the indictment to him. Also, after the State amended the indictment, Clark was still given adequate notice of the enhancement, because he was asked if he wanted to postpone the open plea, yet he declined to do so. Additionally, Clark was advised of the minimum and maximum number of years to serve, for aggravated assault with the firearm-enhancement statute, in the plea colloquy.

4

¶9. "Additionally, the Mississippi Supreme Court has held that notice is sufficient as few as three days prior to the start of trial." *Johnson v. State*, 194 So. 3d 191, 200 (¶25) (Miss. 2016) (citation omitted). If Clark's assertion is that he was not given notice prior to his open plea, the Supreme Court has addressed the length of time that is deemed adequate for the purpose of "notice." The Supreme Court in *Williams v. State*, 131 So. 3d 1174 (Miss. 2014), "took no issue with the fact that the defendant learned of the State's intent to amend the indictment the same day that the motion to amend was filed." *Johnson*, 194 So. 3d at 200 (¶25) (citing *Williams*, 131 So. 3d at 1176-78 (¶¶2, 9)).

¶10. This Court finds the circuit court properly ruled that Clark received adequate notice in amending the indictment. However, the Court notes that if the indictment had made no mention of the firearm enhancement, the judgment of the circuit court would be reversed.

## II. Legality of Sentence Enhancement Under Section 97-37-37

¶11. Clark asserts that the use or display of the firearm, required by section 97-37-37(1), is an element that must be properly charged to the jury. This Court agrees with his assertion. "The [Supreme] Court has ruled that the jury must find the elements of the firearm enhancement beyond a reasonable doubt under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000),] before a trial court may apply the enhancement." *Sallie*, 155 So. 3d at 764 (¶10) (citations omitted). However, Clark's case represents an entirely unique set of facts. Clark waived any obligation on the State to prove every element of the crime beyond a reasonable doubt when he agreed to an open plea. Therefore, the State did not have to present the amended indictment with the sentence enhancement to the grand jury.

5

¶12.     Therefore, we find no abuse of discretion in the denial of Clark's PCR motion.

Accordingly, we affirm.

¶13.     **THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**