KING, JUSTICE, DISSENTING:
 

 ¶ 33. Because I disagree that the trial court had the authority to restructure Sallie's sentences for aggravated assault and possession of a weapon by a convicted felon, I respectfully dissent.
 

 ¶ 34. In Sallie's first appeal, the Court of Appeals affirmed his conviction, and this Court granted certiorari for the limited purpose of "address[ing] the issue of whether Sallie was entitled to notice of the firearm enhancement to his sentence."
 
 Sallie v. State
 
 ,
 
 155 So.3d 760
 
 , 761 (Miss. 2015). Indeed, "we limit[ed] our review to the question of whether Sallie received fair notice of the firearm enhancement[ ]" because we otherwise agreed with the Court of Appeals opinion affirming Sallie's conviction and sentence.
 

 Id.
 

 at 761, 762
 
 . In our opinion, we only addressed the issue of the firearm enhancement to Sallie's sentence; we did not address his sentences for the underlying crimes.
 
 See
 

 id.
 

 That is why we specifically reversed only the firearm enhancement to Sallie's sentence, and not the underlying sentences, explicitly stating "we must reverse the
 
 portion
 
 of Sallie's sentence that constitutes the firearm enhancement."
 
 [6]
 

 Id.
 

 at 764
 
 (emphasis added). The only authority granted the circuit court by this Court was to remove the firearm enhancement from Sallie's sentence. Indeed, neither Sallie nor the State appealed or even raised the legality or appropriateness of Sallie's sentences for the underlying crime, thus it was not within either appellate court's purview to reverse them, as they were not raised by the
 parties as being in error.
 
 See, e.g.
 
 ,
 
 Davis v. State
 
 ,
 
 660 So.2d 1228
 
 , 1246 (Miss. 1995) (This Court is "precluded" from considering issues on appeal that were not raised at trial or in post-trial motions.). It would have been error for this Court to reverse the underlying sentences.
 
 Winston v. State
 
 ,
 
 754 So.2d 1154
 
 , 1156-57 (Miss. 1999) (Court of Appeals erred by sua sponte vacating sentence when neither party assigned the sentence as error on appeal). The sentencing order was vacated only to allow the trial court to complete the ministerial duty of removing the enhancement and issuing an order without the illegal portion of the sentence.
 

 ¶ 35. "[W]here a convicted defendant receives an illegal sentence, the sentence must be vacated and the case remanded to the trial court for resentencing because the defendant suffered prejudice."
 
 Sweat v. State
 
 ,
 
 912 So.2d 458
 
 , 461 (Miss. 2005). Sentencing is generally the province of trial courts, and appellate courts do not have the authority to issue sentencing orders, which is why this Court remands cases for resentencing by the trial court even when the required contents of the new sentencing order are obvious.
 
 [7]
 
 The cases cited by the majority address resentencing defendants to a different sentence after a new trial or after
 
 the particular sentence at issue
 
 was reversed. They are therefore inapposite, as this Court did not address or reverse the underlying sentences.
 

 ¶ 36. Circuit courts do not generally have jurisdiction to resentence defendants.
 
 Creel v. State
 
 ,
 
 944 So.2d 891
 
 , 893-94 (Miss. 2006).
 
 [8]
 
 The mandate of this Court commanded the trial court to conduct further proceedings "consistent with this judgment," which specifically addressed and reversed only the enhancement portion of the sentence. Because this Court did not reverse, or even address, Sallie's sentences for aggravated assault and possession of a weapon by a convicted felon, the circuit court lacked jurisdiction to modify that portion of Sallie's sentence. Therefore, I respectfully dissent.
 

 WALLER, C.J., AND KITCHENS, P.J., JOIN THIS OPINION.
 

 While this language specifying that the Court reversed only the enhancement portion of the sentence could have been repeated several more times for clarity's sake (and perhaps, given the misinterpretations of the Court's opinion, such repetition would have been wise), given that the underlying sentences were not raised or addressed and this Court specified once that it was only reversing the enhancement portion of the sentence, such repetition was unnecessary. It appears that, even absent repetition, this was clear even to the Court of Appeals majority, which stated "the supreme court affirmed the convictions
 
 and sentences
 
 but reversed the sentence enhancement."
 
 Sallie v. State
 
 ,
 
 237 So.3d 758
 
 , 760,
 
 2016 WL 7636895
 
 , at *2 (Miss. Ct. App. Dec. 6, 2016) (emphasis added).
 

 Would the majority's analysis in this case be the same if, for example, on resentencing, the trial court had sentenced Sallie to time served for the aggravated assault and felon in possession convictions? This unfettered discretion the Court gives to trial courts to amend any sentence when only a portion of the sentence is reversed works both ways-a trial court may, upon remand, reduce sentences that this Court affirmed.
 

 It necessarily follows, as explained by the dissent to the Court of Appeals majority, that the circuit court could not resentence Sallie to a sentence greater than its original sentence.
 
 Sallie v. State
 
 ,
 
 237 So.3d 758
 
 ,
 
 2016 WL 7636895
 
 (Miss. Ct. App. Dec. 6, 2016) (Lee, J., dissenting);
 
 Leonard v. State
 
 ,
 
 271 So.2d 445
 
 (Miss. 1973) ;
 
 Ethridge v. State
 
 ,
 
 800 So.2d 1221
 
 (Miss. Ct. App. 2001) (even when the defendant files a motion for reconsideration of sentence, the trial court could not impose a sentence higher than the original sentence imposed).