# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01028-COA

QUAYTEACE SAMARASHOOD EVANS A/K/A QUAYTEACE EVANS A/K/A QUAYTEACE SMARSHODD EVANS A/K/A QUAYTEAU EVANS A/K/A QUAY EVANS A/K/A QUAYTEACE SHAM EVANS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2018 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN E. BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | STEVEN SIMEON KILGORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 07/23/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., TINDELL AND LAWRENCE, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1. Following a jury trial, Quayteace Evans was convicted of manslaughter and aggravated assault. The circuit court sentenced Evans to serve consecutive terms of twenty years in the custody of the Mississippi Department of Corrections (MDOC) for manslaughter, twenty years in MDOC custody for aggravated assault, and five years in MDOC custody for using a firearm in the commission of the aggravated assault. *See* Miss. Code Ann. § 97-37-

37(1) (Rev. 2014). On appeal, Evans does not raise any issue with respect to his convictions. He argues only that his five-year sentence for using a firearm must be reversed and rendered because he did not receive pretrial notice that the State would seek an enhanced sentence under section 97-37-37. We agree that our Supreme Court's decision in *Sallie v. State*, 155 So. 3d 760 (Miss. 2015), requires us to reverse the firearm enhancement. Therefore, Evans's convictions and consecutive twenty-year sentences are affirmed, but his additional five-year sentence for using a firearm is reversed and rendered.

## FACTS AND PROCEDURAL HISTORY

¶2.     On the night of December 10, 2016, a group of men were hanging out at Eddie Lee Dozier's home in Morton. Everyone eventually left except for Dozier, Evans, Dazavius Palm, and Evans's younger brother, Samuel "Tez" Evans.

¶3.     Dozier testified that he and Palm were in the kitchen talking when Evans walked in suddenly and shot them both. Dozier testified that he did not have a gun with him and did not know why Evans shot them. Palm died from a single gunshot wound to the head. Dozier was also shot in the head but survived.

¶4.     Tez testified that he had just walked into the kitchen when Evans shot Dozier and Palm. Tez did not know why Evans shot the two men. Tez did not notice anyone fighting before the shooting and did not see either Palm or Dozier holding a gun. Evans and Tez quickly left the house, but Evans then went back inside, and Tez heard another gunshot. Evans then came back outside and told Tez that he had fired Dozier's gun "to make it look like [Dozier] shot first."

¶5.     After Evans was arrested, he provided two written statements about the shooting.[1]  In his first statement, which he provided five days after the shooting, Evans said that Dozier had accused him of sleeping with Dozier's girlfriend, which Evans denied.  Evans claimed that he was standing in the kitchen near Palm when Dozier fired a shot from his pistol, so Evans returned fire and hit both Dozier and Palm.  In his second written statement, which he provided about a month after the shooting, Evans again stated that Dozier was angry because he thought Evans was sleeping with his girlfriend.  Evans stated that he overheard Dozier and Palm cursing about him and possibly threatening to kill him.  When he heard this, Evans said he "blinked out," "got tunnel vision," and fired his gun.  He shot Dozier first, then Palm.  He also picked up Dozier's gun and fired it into the floor before leaving.

¶6.     At trial, Evans testified in his own defense.  He testified that Dozier confronted him and accused him of sleeping with Dozier's girlfriend, which Evans denied.  Evans testified that he later heard Palm make threatening statements, which he interpreted as threats to shoot him.  According to Evans, he was later in the kitchen with Dozier and Palm.  He claimed that he saw a gun in Dozier's hand, and he believed that Palm had a gun in his pocket.  Evans testified that he slowly removed a gun from his own pocket because he thought that Dozier was about to shoot him.  According to Evans, he asked Dozier and Palm, "What's going on?  What's going on?"  Evans testified that, at that moment, Tez opened the kitchen door, and he (Evans) "just shot, shot twice."  He admitted that he intentionally pulled the trigger and

---

[1] Evans moved to suppress both statements.  However, the trial judge found that Evans was properly advised of his *Miranda* rights, that he waived those rights, and that Evans's waivers and statements to police were intelligent, knowing, and voluntary.  Evans does not challenge the trial judge's rulings on appeal.

shot both Palm and Dozier, but he claimed that he did so in self-defense, and he denied that he intended to kill either of them. Evans also admitted that he took Dozier's gun from his hand, fired it into the floor, and placed it back in Dozier's hand.

¶7. Evans was indicted for the first-degree murder of Palm and the attempted murder of Dozier. The jury found him guilty of the lesser-included offenses of manslaughter and aggravated assault. As stated above, the circuit court sentenced him to consecutive terms of twenty years for manslaughter, twenty years for aggravated assault, and five years for using a firearm in the commission of the aggravated assault. The court included the five-year firearm enhancement within Evans's sentence for aggravated assault, for a total sentence of twenty-five years for aggravated assault.

## ANALYSIS

¶8. Evans's only claim on appeal is that his five-year sentence for using a firearm is illegal because he did not receive pretrial notice that the State would seek a sentence enhancement pursuant to Mississippi Code Annotated section 97-37-37. "Whether a defendant received fair notice of a sentence enhancement is a question of law that we review de novo." *Sallie v. State*, 155 So. 3d 760, 762 (¶7) (Miss. 2015).

¶9. Section 97-37-37 provides for two sentence enhancements for the use or display of a firearm in the commission of a felony:

> (1) Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any person who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of five (5) years, which sentence shall not be reduced or suspended.

4

(2) Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any convicted felon who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of ten (10) years, to run consecutively, not concurrently, which sentence shall not be reduced or suspended.

Miss. Code Ann. § 97-37-37.

¶10.   In *Sallie*, the defendant (Sallie) was convicted of aggravated assault and possession of a firearm by a convicted felon and sentenced to concurrent terms of twenty years for aggravated assault and ten years for possession of the firearm. *Sallie*, 155 So. 3d at 761 (¶1). Sallie's indictment alleged that he shot the victim with a gun, and the jury was required to make the same finding at trial. *Id.* at 762 (¶3); *id.* at 769 (¶33) (Randolph, P.J., concurring in part and dissenting in part). At Sallie's sentencing hearing, the circuit court imposed an additional (consecutive) ten-year sentence under subsection 97-37-37(2) based on the jury's findings that Sallie was a prior convicted felon and had used a firearm to commit the aggravated assault. *Sallie*, 155 So. 3d at 762 (¶¶3-4).

¶11.   On writ of certiorari, our Supreme Court reversed Sallie's consecutive sentence for using a firearm in the commission of the aggravated assault. The Court reasoned that "Sallie's indictment did not indicate that the State would seek any sentence enhancement," and "the State in no way indicated pretrial that it would seek the firearm enhancement." *Id.* at 763 (¶9). Rather, Sallie did not "receive any indication that the trial court might consider the firearm enhancement at sentencing" until after the jury had already found him guilty. *Id.* The Supreme Court held that "Sallie was not given adequate pretrial notice that an enhanced

5

punishment would be sought until after his conviction." *Id.* at 764 (¶13). According to the Supreme Court, "[t]he lack of notice violated [Sallie's] right to due process, as he was not given a fair opportunity to present a defense and he was unfairly surprised by the postconviction notice that the firearm enhancement would be considered." *Id.* Therefore, the Court "reverse[d] the potion of Sallie's sentence that constitute[d] the firearm enhancement." *Id.*

¶12.    We conclude that we are bound by the Supreme Court's decision in *Sallie* to reach the same result in this case. The State attempts to distinguish *Sallie* on two grounds, but neither is persuasive. First, the State argues that Sallie's sentence was enhanced under subsection (2) of section 97-37-37, which requires proof that the defendant was a prior "convicted felon," whereas Evans's sentence was enhanced under subsection (1), which does not require a prior conviction. The State points out that Rule 14.1(b) of the Mississippi Rules of Criminal Procedure imposes specific procedural requirements for enhanced punishments based on prior convictions, but the rule imposes no similar requirements for firearm enhancements. In addition, the *Sallie* opinion referenced a provision of the Uniform Rules of Circuit and County Court Practice that addressed amendments to indictments related to enhancements based on prior convictions. *Sallie*, 155 So. 3d at 763 (¶10).[2] However, there is nothing in the *Sallie* opinion to indicate that the Court's holding was limited to firearm enhancements under subsection (2) of section 97-37-37. Rather, the Supreme Court held, without any apparent limitation, that the State must give pretrial notice of its intent to seek

---

[2] Effective July 1, 2017, the new Mississippi Rules of Criminal Procedure superseded former Rule 7.09 of the Uniform Rules of Circuit and County Court Practice.

6

a "firearm enhancement." *Id.* at 761, 764 (¶¶1, 13-14).

¶13. Second, the State argues that Evans was not unfairly surprised by the enhancement because he was indicted for first-degree murder and attempted murder, which are both punishable by life imprisonment.[3] The State reasons that Evans cannot claim unfair surprise because his total of forty-five years in consecutive sentences is less than the two life sentences that he could have received under the indictment. However, there is nothing in the *Sallie* opinion to suggest that the Court's holding depends on an after-the-fact comparison of the defendant's actual sentence with the potential punishments for the indicted offenses. Rather, *Sallie* simply holds that the defendant must receive pretrial notice that the State intends to enhance his sentence based on the firearm enhancement. *Id.* at 761, 764 (¶¶1, 13-14). The record does not show that any pretrial notice was given in this case; therefore, *Sallie*'s holding applies.

¶14. Finally, citing the partial dissent in *Sallie*, the State argues that *Sallie* was wrongly decided and "should be overruled." However, "this Court cannot overrule Supreme Court precedent." *Thompson v. State*, 230 So. 3d 1044, 1055 (¶36) (Miss. Ct. App. 2017), *cert. denied*, 229 So. 3d 121 (Miss. 2017). Therefore, the State's final argument can only be addressed by the Supreme Court.

**CONCLUSION**

¶15. Evans's convictions for manslaughter and aggravated assault and his sentence of

---

[3] *See* Miss. Code Ann. § 97-1-7(2) (Rev. 2014) (providing that a person convicted of attempted murder "shall be imprisoned for life . . . if the punishment is so fixed by the jury"); Miss. Code Ann. § 97-3-21(1) (Rev. 2014) ("Every person who shall be convicted of first-degree murder shall be sentenced by the court to imprisonment for life . . . .").

twenty years in MDOC custody for manslaughter are all affirmed. However, based on *Sallie*'s holding, we are bound to reverse and render the firearm enhancement, which the circuit court included within Evans's sentence for aggravated assault. Therefore, Evans's sentence of twenty-five years in MDOC custody for aggravated assault is reversed and rendered as a sentence of twenty years in MDOC custody. Evans's two twenty-year sentences shall run consecutively, as ordered by the circuit court, for a total sentence of forty years in MDOC custody.

¶16. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**