271 So.2d 445 (1973)
Walter LEONARD
v.
STATE of Mississippi.
No. 47058.
Supreme Court of Mississippi.
January 2, 1973.
Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, for appellant.
A.F. Summer, Atty. Gen. by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*446 BROOM, Justice:
Appellant, Walter Leonard, pled guilty in the August 1971 Term of Circuit Court in Washington County to two indictments which respectively accused him of the crimes of forgery and uttering a forgery. He was sentenced to two years imprisonment for each of said crimes, with the sentences to run consecutively, making a total of four years imprisonment. The court simultaneously suspended execution of the sentences and placed appellant on probation for a period of two years on each indictment. In April 1972 appellant was charged with violating the conditions of his probation. A revocation hearing was conducted and on May 4, 1972, the circuit judge found him guilty of violating his probation in three particulars, to-wit: (1) being at a disreputable place, the County Line Cafe, a "juke joint," where drinking and gambling took place; (2) being an accessory after the fact to robbery and murder; and (3) possession of "dope." The court then revoked appellant's suspension of sentence and probation. Further, in effect the court set aside the original sentences and imposed greater sentences than those originally imposed. Appellant was at the time of said revocation simultaneously sentenced to ten years imprisonment on each of the said original indictments, which sentences were to run consecutively, making a total of twenty years imprisonment, five times greater than the original sentences. Obviously the court was relying upon Mississippi Code 1942 Annotated section 4004-25 (Supp. 1971) in giving appellant greater terms of imprisonment than when he originally pled guilty. This appeal is from said two greater sentences. Two assignments of error are urged by appellant, but we consider only the following assignment:
The proper construction of Miss. Code Ann. § 4004-25 (Supp. 1971) does not permit increased punishment at probation revocation hearings where the probationer has been sentenced earlier to a definite term of imprisonment.
Appellant, represented by court appointed counsel herein, has filed a most excellent brief in which he contends that Mississippi Code 1942 Annotated section 4004-23 (Supp. 1971) must be given consideration and adhered to in construing the Mississippi Probation and Parole Act when entering an order after revocation of his suspended sentence and probation pursuant to section 4004-25, supra. Section 4004-23, supra, in part provides:
... such court (circuit or county) shall have the power ... to suspend *447 the imposition or execution of sentence, and place the defendant on probation... .
Section 4004-25, supra, among other things provides that when a defendant is charged with violation of the conditions of probation:
... the court ... shall cause the defendant to be brought before it and may continue or revoke the probation or suspension of sentence, and may cause the sentence imposed to be executed or may impose any sentence which might have been imposed at the time of conviction. (Emphasis added).
Appellant argues that once a definite sentence is imposed by the court, it cannot subsequently "set aside" that sentence and impose a greater one for violation of probation conditions.
In support of his position, appellant relies upon Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943) which presented a factual situation similar to the one here. Roberts, supra, overruled the lower court's imposition of a greater sentence under the Federal Probation Act. The United States Supreme Court said that the Act did not state nor imply that the lower court has the authority to "set aside" an earlier sentence and impose a greater one. We have not previously been called upon to decide whether or not a judge, under circumstances disclosed by this record, pursuant to the Mississippi statutes on probation and parole, may impose a sentence greater than that originally imposed. Appellant also cites the case of Hord v. State, 450 S.W.2d 530 (Ky. 1970), in which the Kentucky Supreme Court held that it was unconstitutional for the trial court to impose a greater sentence under a statute very similar to ours. The appellee's argument is based on the New Jersey Supreme Court's interpretation of that state's probation and parole statute which is practically identical to the Mississippi Act on Probation and Parole. Application of White, 18 N.J. 449, 114 A.2d 261 (1955). The New Jersey Court held that the sentencing judge had sufficient authority to grant a greater sentence upon probation revocation. We hold to the contrary.
After a careful review of the code sections involved, 4004-23 and 4004-25, supra, and authorities cited, we hold that once a circuit or county court exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence. At the time a defendant is convicted of a crime the court may elect not to impose a sentence but rather to suspend imposition of sentence and place such defendant on probation, under 4004-23, supra. Said statute during the period of probation continues to vest in the court power to subsequently (in the event the defendant is found to have violated the prescribed terms and conditions of his probation) impose any sentence which originally could have been imposed. Sections 4004-23, supra, and 4004-25, supra, are to be considered together. Section 4004-23, supra, gives circuit and county courts the power to (1) suspend the imposition of sentence or (2) suspend the execution of sentence. It follows logically that if a circuit court initially exercises its sentencing power by imposing a sentence and then suspends the execution of that sentence, the court is authorized by section 4004-25, supra, (if the defendant is found to have violated the conditions of suspension of his sentence and probation) to "continue or revoke the probation or suspension of sentence, and may cause the sentence imposed to be executed." On the other hand, if the sentencing court has not imposed a definite sentence, and has exercised its option under Section 4004-23, supra, to "suspend the imposition" of sentence, then and only then does it have the power under Section 4004-25, supra, to "... impose any sentence which might have been imposed at the time of conviction."
We feel constrained to make this holding because said code sections, supra, and related sections make no mention of (nor do *448 they imply) the power to "set aside" an earlier sentence in order to impose a more severe penalty. We note the vast difference between (1) the suspension of a sentence imposed, and (2) the suspension of the imposition of a sentence.
Since the case is being reversed for reasons stated hereinabove, we do not make any holding concerning appellant's assignments of error related to constitutional issues.
We affirm the action of the lower court in revoking appellant's suspended sentence and probation. We reverse as to the action of the lower court in imposing sentences carrying greater penalties than those originally ordered. The lower court will therefore order execution of the appropriate sentences in a manner not inconsistent herewith.
Affirmed and remanded for proper execution of sentences.
RODGERS, P.J., and PATTERSON, SMITH and SUGG, JJ., concur.