MYERS, J.,
for the court.
¶ 1. In June of 1997, Steven Riddle pled guilty in the Circuit Court of Harrison County to felony shoplifting as a habitual offender as he had five previous felony convictions. Riddle was given a suspended sentence and supervised probation neither of which is allowed for habitual offenders. Miss.Code Ann. § 44-7-33 (Supp.2001). Riddle challenges his sentencing in a post-conviction relief motion claiming that it *456 was illegal and his plea was coerced. Riddle asserts that prior to the plea, his attorney promised that the “habitual” was not to be worried about because the county wanted Riddle released to seek medical help for which they did not intend to pay.
¶ 2. He pled guilty and the judge granted him a lenient sentence. Sentencing is within the discretion of the judge unless the statute requires a mandatory sentence. Winston v. State, 726 So.2d 197, 205 (¶ 26) (Miss.Ct.App.1998). Riddle’s sentence should have been a mandatory term with no suspension of his sentence. However, Riddle was allowed supervised probation and would have remained free if he had not violated the terms of his probation by failing to adhere to several of the conditions.
¶ 3. At his revocation hearing in May 1999, Riddle was found by the court to be in violation of his probation. In June 1999, the court, re-sentenced Riddle as a habitual offender and ordered him to serve the original term of five years.
When a defendant is found to have violated the terms and conditions of his probation, the court has the power to impose any sentence which originally could have been imposed. However, if a guilty plea is accepted and a suspended sentence imposed, the court cannot later impose a period of incarceration exceeding the original suspended sentence.
Johnson v. State, 753 So.2d 449, 455 (¶ 15) (Miss.Ct.App.1999), quoting Leonard v. State, 271 So.2d 445, 447 (Miss.1973), Wallace v. State, 607 So.2d 1184, 1187 (Miss.1992). It appears that Riddle is serving the full five years to which he should have originally been sentenced and no more.
¶4. The trial court is afforded the presumption of correctness with the burden lying with the appellant to show otherwise by demonstrating reversible error. Branch v. State, 347 So.2d 957, 958 (Miss.1977). Riddle’s plea agreement papers explicitly state, in his own handwriting, that he understood the sentence maximum to be five years. Riddle has not been harmed by the judge’s initial mistake of allowing Riddle freedom under supervised probation. Williams v. State, 802 So.2d 1058, 1061(¶ 7)(Miss.Ct.App.2001). On the contrary, Riddle would have remained free with his sentence fully served had he only been strong enough to abide by the conditions of his probation.
¶ 5. Riddle was, however, harmed by the court’s improper attempt to re-sentence him as a habitual offender since the authority to alter his sentence, unless it involves the suspension, ended with the term of court at which sentence given. Harrigill v. State, 403 So.2d 867, 869 (Miss.1981). We reverse in part and affirm in part. We reverse as to the habitual offender portion of Riddle’s sentence and affirm as to the sentence of five years in the custody of the Mississippi Department of Corrections, with credit for all time served.
¶ 6. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS REVERSED IN PART AS TO THE RE-SENTENCING AS A HABITUAL OFFENDER AND IS AFFIRMED AS TO THE REINSTATEMENT OF APPELLANT’S FIVE YEAR SENTENCE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.