909 So.2d 171 (2005)
James Thomas EASTMAN a/k/a James T. Eastman, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00877-COA.
Court of Appeals of Mississippi.
August 23, 2005.
James Thomas Eastman, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
*172 Before KING, C.J., MYERS and ISHEE, JJ.
MYERS, J., for the Court.

STATEMENT OF FACTS
¶ 1. This case presents a rather perplexing sequence of events. On July 8, 1994, James Thomas Eastman pled guilty to the crimes of burglary and larceny, and uttering a forgery. As a result, Eastman was sentenced under Count I, burglary and larceny, to a term of ten years imprisonment and was recommended for admission to the RID program. Eastman was further sentenced to fifteen years imprisonment, with the full term suspended, for the charges contained in Count II of the indictment, uttering a forgery. The two sentences were to run concurrently. Further, Eastman was to pay restitution and court costs.
¶ 2. On July 10, 1995, after successful completion of the RID program, Eastman was placed on five years supervised probation. Eastman's probation was revoked on December 4, 1995, for failure to complete drug and alcohol treatment and for failure to live at liberty without violating any laws. As a result, Eastman was sentenced to the shock probation program at the Mississippi Department of Corrections and the court reserved the right of judicial review from the date which Eastman was received to the shock probation program.
¶ 3. On September 11, 1996, Eastman's sentence was again suspended and he was once again placed on supervised probation for a period of five years. Just over one year later, on September 26, 1997, Eastman's probation was again revoked for failure to live at liberty without violating any laws, failing to report to his probation officer as directed, failing to pay restitution as ordered, failing to pay supervision fees as ordered, and for failing to abstain from the use of alcohol and drugs. At the revocation hearing, the State petitioned the court to impose the suspended sentence of fifteen years, which was imposed pursuant to Count II of the indictment. The court found the State's motion to be well taken. Rather than imposing the fifteen year sentence as originally structured, the court imposed a ten year sentence, suspended all ten years of the sentence, and placed Eastman under post-release supervision for a period of three years.
¶ 4. The sentence as imposed by the September 26, 1997 order differed from the sentence as originally structured, and is thus, the crux of this appeal. As stated previously, the original fifteen year sentence was suspended and was to run concurrent to the ten year sentence received under Count I of the indictment. Thus, if both sentences were imposed, Eastman could receive a maximum of fifteen years imprisonment. The sentence as amended by the September 26, 1997 order imposed three years of post-release supervision which were to run consecutive to Eastman's sentence under Count I but would upon revocation cause Eastman to be sentenced to ten years imprisonment. Thus, under the revised sentence, if both sentences were imposed, Eastman could receive a maximum of twenty years imprisonment. Eastman's potential sentencing was increased by five years imprisonment.
¶ 5. On June 13, 2002, while subject to the three years of supervised probation imposed under Count II, Eastman yet again violated the terms of his probation by failing to live at liberty without violating any law and by failing to abstain from the use of alcohol and drugs. As a result of his inability to conduct himself in accordance with the law, Eastman's probation was again revoked and the ten year suspended sentence under Count II of the indictment was imposed.
¶ 6. On December 4, 2002, Eastman filed his petition for post-conviction relief which *173 was dismissed as moot on May 29, 2003, as Eastman had been released from prison on May 10, 2003, upon an administrative error of the Mississippi Department of Corrections. Eastman was then re-incarcerated in September 2003 to serve the remaining portion of his ten year sentence under Count II, uttering a forgery. On October 29, 2003, Eastman filed a motion to reinstate his petition for post-conviction relief, which was granted on February 26, 2004. On April 6, 2004, the trial court denied Eastman's petition for post-conviction relief, holding that Eastman was unaffected by the change, as the sentence did not begin until it was imposed, and it was imposed due to a new violation of the law.
¶ 7. Aggrieved by the trial court's ruling, Eastman appeals raising four issues, which are closely intertwined and have therefore been recast as the following single issue:
I. WHETHER THE TRIAL COURT ERRED BY RESTRUCTURING THE SENTENCE IMPOSED FROM CONCURRENT TO CONSECUTIVE, THEREBY INCREASING THE TOTAL TERM OF IMPRISONMENT IMPOSED AND SUBJECTING HIM TO DOUBLE JEOPARDY.
¶ 8. Finding that the trial court erred in restructuring Eastman's sentence, we reverse and remand the trial court's ruling.

LEGAL ANALYSIS

I. WHETHER THE TRIAL COURT ERRED BY RESTRUCTURING THE SENTENCE IMPOSED FROM CONCURRENT TO CONSECUTIVE, THEREBY INCREASING THE TOTAL TERM OF IMPRISONMENT IMPOSED AND SUBJECTING HIM TO DOUBLE JEOPARDY.

DISCUSSION
¶ 9. As stated previously, Eastman originally received ten years imprisonment and a fifteen year suspended sentence for burglary and larceny and for uttering a forgery. The two sentences were to run concurrently, resulting in a fifteen year maximum sentence should both sentences be imposed. After failing several times to conduct himself within the terms of his probation, Eastman's sentence was restructured to change the original concurrent fifteen year sentence received under Count II of the indictment to a consecutive ten year sentence. By restructuring Eastman's sentence, he now faces a total of twenty years imprisonment rather than the fifteen year maximum carried by the initial sentence.
¶ 10. Eastman argues that by restructuring his sentence the trial court violated Mississippi Code Annotated §§ 47-7-33 and 47-7-34 (Rev.2004), as well as 18 U.S.C. § 3582(c). Further, Eastman argues that the altered sentence subjected him to double jeopardy, in violation of the Fifth Amendment. We agree that the court was able to enforce the terms of the original sentence; however, the court acted improperly by amending the initial sentence, as our caselaw has long held such alterations are improper.
¶ 11. The Mississippi Supreme Court first addressed this issue in Leonard v. State, 271 So.2d 445 (Miss.1973). The Leonard decision is factually similar to the case sub judice. Leonard pled guilty to two indictments accusing him of forgery and uttering a forgery. As a result, Leonard was sentenced to two years for each crime, and the sentences were to run consecutively, for a total of four years imprisonment. Leonard's sentences were suspended and he was put on probation for the four year period. The next year, Leonard violated his probation by (1) being at a "juke joint," (2) being an accessory *174 after the fact to robbery and murder, and (3) possession of "dope." As a result, his probation was revoked and he was sentenced to ten years imprisonment for each count. Leonard's sentences were to run consecutively, for a total incarceration period of twenty years, thus increasing his sentence five-fold.
¶ 12. The Leonard decision was the first time that this issue was presented to our state courts and as such was presented with the two prevalent theories of interpretation for this issue. Leonard argued that Mississippi's probation statute should be construed in a similar manner as Kentucky, which had a probation statute constructed similarly to Mississippi's. New Jersey also had a probation statute which was very similar to Mississippi's but had been interpreted in an alternate fashion. As such, the State argued that Mississippi should embrace the theory followed in New Jersey. Although the Kentucky and New Jersey statutes were almost identical, the interpretations given by each state were polar opposites. In the Kentucky case of Hord v. Com., 450 S.W.2d 530 (Ky.1970), the Kentucky Supreme Court held that re-sentencing which imposed a greater sentence would be both violative of the probation statute as well as unconstitutional. The competing theory embraced by the New Jersey Supreme Court in the case of Application of White, 18 N.J. 449, 114 A.2d 261 (1955), held that the sentencing judge had sufficient authority to grant a greater sentence upon probation revocation. The Mississippi Supreme Court found Kentucky's caselaw to provide the more sound approach and adopted such as our standard. Thus, our supreme court adopted the legal theory "that once a circuit or county court exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence." Leonard, 271 So.2d at 447. This legal principle remains as the standard in our jurisprudence. See Riddle v. State, 816 So.2d 454 (Miss.Ct.App.2002); Johnson v. State, 753 So.2d 449 (Miss.Ct.App.1999).
¶ 13. As such, the circuit court erred in restructuring Eastman's sentence, and therefore, the twenty year sentence as altered on September 26, 1997 is set aside and the original fifteen year sentence is hereby reinstated.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., NOT PARTICIPATING.