ROBERTS, J.,
Concurring in Part and in Result:
¶ 17. While I concur with the result reached by the majority, I must write separately as I believe the analysis of Issue II to be flawed.
¶ 18. In Issue II, the majority address whether Adams’s sentence to twenty years in the custody of the Mississippi Department of Corrections for armed robbery is illegal. Adams claims that the sentence is illegal because the trial court announced a sentence of twelve years at the conclusion of the April 16, 1997 hearing in which Adams pled guilty. On February 1, 2000, some two years and ten months later, Adams claims the trial court “resentenced” him for the same crime to the greater sentence of twenty years. Adams claims this “new” sentence is unlawful because,
once a circuit court exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence. At the time a defendant is convicted of a crime the court may elect not to impose a sentence but rather to suspend imposition of sentence and place such defendant on probation.
Leonard v. State, 271 So.2d 445, 447 (Miss.1973); see also Eastman v. State, 909 So.2d 171(¶ 12) (Miss.Ct.App.2005).
¶ 19. The majority analyzes the issue under Mississippi Code Annotated section 47-7-33 (Rev.2004) which, under certain circumstances, grants the circuit court authority to suspend the imposition or execution of a sentence and place a defendant on probation. However, suspension of a sentence is prohibited for those defendants convicted of a crime that carries a maximum possible punishment of death or life in prison as well as prior convicted felons. Miss.Code Ann. § 47-7-33(1) (Rev.2004). Armed robbery is just such a crime. Miss. Code Ann. § 97-3-79 (Rev.2006). Simply stated, the trial court had no authority to suspend the imposition or execution of its sentence for a defendant guilty of armed robbery. However, I conclude that the majority reached the correct conclusion that Adams’s twenty year sentence was indeed lawful for two different, but unrelated, reasons.
¶20. First, a thorough search of the record before us on appeal shows no sentencing order signed nor filed with the clerk by the judge other than the February 1, 2000 sentencing order of twenty years to serve.
The date of rendition of the judgment of the circuit court in term time, as well as in vacation, is the date when the judgment is signed by the judge and filed with the clerk for entry on the minutes; or if the judgment is not signed by the judge, the rendition date is the date it appears on the minutes of the court.
Mitchell v. State, 792 So.2d 192(¶ 83) (Miss.2001); see also Temple v. State, 671 So.2d 58, 59 (Miss.1996) (holding “in order for a sentence to be valid, a judgment must be entered as of record. This marks formal evidence of a judgment’s rendition which is necessary for its execution or appeal.”).
¶ 21. Secondly, and more importantly, a criminal defendant should not be heard to complain about the alleged illegality of his sentence when, as here, the ultimate sentence imposed is within the minimum and maximum authorized by statute and is clearly within the plea bargain agreement *1057 the defendant had with the district attorney and the court. See generally Wallace v. State, 607 So.2d 1184, 1187 (Miss.1992). The record reflects that the day before Adams pled, his attorney, Stan Perkins, had a telephone conference call with the district attorney and the judge to announce to the court that Adams had agreed to accept the State’s plea bargain of twelve years on both counts to run concurrently. Perkins told the judge that Adams requested thirty days of freedom after he pled so that he could make necessary preparations before surrender to the sheriff. Adams was on an appearance bond. The judge agreed.
¶ 22. The very next day at the conclusion of the plea hearing, Perkins again reminded the judge of Adams’s request. The plea colloquy plainly shows that Adams requested the thirty additional days and that the judge clearly explained to Adams that he must surrender on or before 10 a.m. May 16, 1997, or be subject to a much more onerous sentence. It is obvious that Adams understood and agreed to this stipulation as part of his overall plea agreement. When May 16 arrived Adams was nowhere to be found. Over two years later Adams was discovered living in Kansas and was taken into custody. He refused to waive extradition and only after a governor’s rendition warrant and extradition hearing in Kansas was he returned to Mississippi on September 23,1999.
¶ 23. He should not now be entitled to complain.
LEE, P.J., GRIFFIS, BARNES AND CARLTON, JJ., JOIN THIS OPINION.