# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00819-COA

CRAIG D. SALLIE A/K/A CRAIG D. SALLIE, SR. A/K/A CRAIG SALLIE                    APPELLANT

v.

STATE OF MISSISSIPPI                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/12/2015 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | ON REMAND, REMOVED FIREARM ENHANCEMENT BUT ORDERED TWO REMAINING SENTENCES TO BE SERVED CONSECUTIVELY TO ONE ANOTHER INSTEAD OF CONCURRENTLY |
| DISPOSITION: | AFFIRMED - 12/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**ISHEE, J., FOR THE COURT:**

¶1.    In 2012, Craig D. Sallie was convicted by a jury of aggravated assault after Sallie was found to have shot Gregory Johnson in the back, resulting in Johnson's paralysis. The jury also found Sallie guilty of being a felon in illegal possession of a firearm. The Madison County Circuit Court sentenced Sallie to thirty years in the custody of the Mississippi Department of Corrections (MDOC) for the two convictions – twenty years for the

aggravated-assault conviction and ten years for being a felon in possession of a firearm, with the sentences to run concurrently. The circuit court went on to enhance Sallie's sentence by ten years for his use of a deadly weapon in the commission of the aggravated assault. The ten-year enhancement was ordered to run consecutively to the other sentences, with all sentences in the custody of the MDOC. Sallie appealed the convictions and sentences. Ultimately, the Mississippi Supreme Court affirmed Sallie's initial two convictions but reversed the ten-year enhancement. The supreme court then remanded the case to the circuit court for resentencing based on the removal of the enhancement. The circuit court subsequently resentenced Sallie to twenty years for the aggravated-assault conviction and ten years for being a felon in possession of a firearm, which mirrored the previous sentence. However, the circuit court ordered the sentences to run consecutively to one another instead of concurrently. Sallie appeals, claiming the circuit court was without authority to alter the sentences from running concurrently to running consecutively. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2. Sallie has previously appealed his conviction and sentence to this Court. As such, we will glean from our original recitation of the facts for an overview of Sallie's underlying circumstances:

> On November 28, 2011, an unarmed Johnson walked past Sallie's house en route to his own home. According to Johnson, as he walked past Sallie's house, Sallie yelled to him, demanding that Johnson come into his yard. Johnson refused and told Sallie to come into the street so that they could settle [their] dispute like men.[1] Johnson admitted that he called Sallie a coward and

---

[1] Sallie had previously accused Johnson of stealing a bottle of whiskey from him. *Sallie v. State*, 155 So. 3d 872, 873 (¶3) (Miss. Ct. App. 2013) (vacated in part).

2

a b****.  He testified that Sallie then pulled out a gun and stated, "Naw, you come in my yard."  When Johnson turned to walk away, Sallie started shooting at him.  Sallie shot Johnson five times, with one bullet hitting Johnson in the spine, paralyzing him from the waist down.  In his statement to the police, Sallie claimed that Johnson came into his yard acting like he was drunk and "maybe high."  He also stated that Johnson initiated the dialogue and that he was "mumbling" words to Sallie.  Sallie added that he "reacted without conscious" and shot Johnson, but that he did not initially intend to get violent with him.

*Sallie v. State*, 155 So. 3d 872, 873 (¶3) (Miss. Ct. App. 2013) (vacated in part).

¶3.    We upheld the circuit court's judgment in its entirety on appeal.  *Id.* at 875 (¶13).  However, on certiorari, the supreme court affirmed the convictions and sentences but reversed the sentence enhancement.  *Sallie v. State*, 155 So. 3d 760, 764 (¶14) (Miss. 2015).  Specifically, the supreme court stated:

> We decline to find error that would reverse Sallie's conviction. . . . However, we find that Sallie did not receive timely or sufficient notice that the State intended to enhance his sentence using the firearm enhancement[,] . . . [which] resulted in unfair surprise.  Accordingly, we reverse in part the judgments of the Court of Appeals and the trial court, vacate Sallie's sentence, and remand the case to the Madison County Circuit Court for resentencing.

*Id*.

¶4.    After the case was remanded for resentencing, the circuit court conducted a sentencing hearing on May 12, 2015.  At that time, the circuit court sentenced Sallie to twenty years for the aggravated-assault conviction and ten years for being a felon in possession of a firearm – the same length of time contained in the original sentence imposed by the circuit court.  However, the circuit court ordered that the sentences run consecutively to one another instead of concurrently.  On appeal, Sallie asserts that this change was illegal.

**DISCUSSION**

¶5.     On appeal, Sallie asserts that the circuit court illegally issued a greater sentence to him on remand than was previously ordered following the trial. Sallie relies on a line of cases originating with *Leonard v. State*, 271 So. 2d 445 (Miss. 1973), for the notion that "once a circuit or county court exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence." *Id*. at 447. This legal tenet was reiterated by this Court more recently in *Eastman v. State*, 909 So. 2d 171 (Miss. Ct. App. 2005).

¶6.     However, *Leonard* and *Eastman* are both easily distinguishable from the case at hand. In *Leonard*, Walter Leonard pleaded guilty in the Washington County Circuit Court to two offenses, and was sentenced to two years on each offense, with the sentences to run consecutively. However, his sentences were suspended, and he was put on probation for the entirety of the sentence. Leonard soon violated his probation. The circuit court resentenced him to ten years for each offense, with the sentences to run consecutively for a total of twenty years. The supreme court reversed the circuit court's sentence since the final sentence was much greater, and varied distinctly, from the original sentence. *Leonard*, 271 So. 2d at 447.

¶7.     In *Eastman*, James Thomas Eastman pleaded guilty to two counts and was sentenced to ten years on Count I, and fifteen years on Count II. Eastman was recommended to an MDOC program that, if completed, would negate the ten-year sentence for the first offense. The second sentence was also suspended, and it appears Eastman never actually served any jail time. Instead, Eastman was placed on five years of supervised probation after successful completion of the MDOC program. His probation was soon revoked for just cause. After

4

completing another probationary program offered through MDOC, Eastman was again released on supervised probation for five years. However, his probation was revoked for a second time shortly after his release.

¶8. At his revocation hearing, the State requested that the circuit court impose the fifteen-year sentence originally issued for Count II, which was concurrent to Count I. Instead, the circuit court imposed a consecutive ten-year sentence for Count II. Eastman appealed the circuit court's judgment because it imposed a greater overall sentence than the original sentence (twenty years to serve as opposed to fifteen). Using *Leonard* as a basis, this Court determined that the circuit court was not allowed to restructure the overall sentence into consecutive ten-year sentences as opposed to the original concurrent ten- and fifteen-year sentences because it made the total sentence greater than originally imposed. *Eastman*, 909 So. 2d at 174 (¶¶12-13).

¶9. Here, the circuit court did not alter the number of years to which Sallie was originally sentenced. Likewise, the circuit court did not restructure Sallie's sentence to increase the number of years he would serve. The original sentence entailed twenty years for the aggravated-assault conviction and ten years for the felon-in-possession-of-a-firearm conviction, with ten years added for the enhancement. The first two sentences were to run concurrently and the enhancement was to run consecutively – this gave Sallie an original sentence of thirty years. The supreme court vacated Sallie's entire sentence on remand and, hence, the circuit court was with authority to impose upon Sallie a new sentence within the original thirty-year parameter. The circuit court sentenced Sallie to twenty years and ten

years on each offense, respectively, as had been the original sentence. By changing the sentences from concurrent to consecutive, the circuit court kept the new sentence within the original thirty-year window. Therefore, the restructuring of the sentence does not fall within the confines of *Leonard* or *Eastman*. We fail to find error in the circuit court's judgment. This issue is without merit, and the circuit court's judgment is affirmed.

¶10. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY JAMES, J.; IRVING P.J., JOINS IN PART.**

**LEE, C.J., DISSENTING:**

¶11. The majority affirms the trial court's resentencing of Sallie on remand following the supreme court's decision to vacate a portion of Sallie's sentence based upon the firearm enhancement. Because the supreme court had affirmed Sallie's original sentences, notwithstanding the vacation of the firearm enhancement, I find that the trial court lacked jurisdiction to restructure Sallie's sentences to run consecutively where the original sentences were ordered to run concurrently. Furthermore, the restructuring of the sentences resulted in a greater sentence than the original sentence, which violates well-settled caselaw on the matter. Thus, I respectfully dissent.

¶12. In 2012 Sallie was convicted and sentenced to serve twenty years for aggravated assault and ten years for felon in possession of a firearm, ordered to run concurrently, with an additional ten years under the firearm-enhancement statute, for a total of thirty years. On

6

appeal this Court affirmed both the convictions and the sentences of Sallie. *Sallie v. State*, 155 So. 3d 872, 875-76 (¶13) (Miss. Ct. App. 2013) (vacated in part).

¶13.    On writ of certiorari, the supreme court affirmed in part and reversed in part the judgments of the trial court and this Court. *Sallie v. State*, 155 So. 3d 760, 764 (¶14) (Miss. 2015). The supreme court clearly indicated that its review of Sallie's appeal was limited only "to address the issue of whether Sallie was entitled to notice of the firearm enhancement to his sentence." *Id.* at 761 (¶1). The supreme court affirmed the convictions and sentences of Sallie but "reverse[d] the *portion* of Sallie's sentence that constitute[d] the firearm enhancement," due to the "lack of notice . . . [and] unfair surprise by the post-conviction notice that the firearm enhancement would be considered." *Id.* at 764 (¶13) (emphasis added). Accordingly, the case was remanded to the trial court for resentencing. *Id.* at (¶14).

¶14.    On remand the trial court sentenced Sallie again to serve twenty years for aggravated assault and ten years for felon in possession of a firearm, to run *consecutively* for a total of thirty years, as opposed to the original sentence ordered to run *concurrently*. The resentencing resulted in the same amount of time imposed by the original sentence, which included the ten-year firearm enhancement that was vacated by the supreme court as unconstitutional. With the vacation of the firearm enhancement, the new sentence now *exceeds* the original sentence of twenty years.

¶15.    The trial court lacked jurisdiction to alter Sallie's sentences from concurrent to consecutive because the supreme court had affirmed these portions of Sallie's sentences as noted in the court's mandate: "[t]he judgements of the Court of Appeals and the Madison

7

County Circuit Court are affirmed in part and vacated in part . . . ." *Id.* at 765 (¶15). The "vacated in part" refers only to the firearm enhancement as indicated by the court's grant of a limited review only "to address the issue of whether Sallie was entitled to notice of the firearm enhancement to his sentence." *Id.* at 761 (¶1). The court's review dealt only with the addition of the firearm enhancement "to his sentence" and not the sentence itself. Again, the court accordingly stated, "[W]e must reverse the *portion* of Sallie's sentence that constitutes the firearm enhancement." *Id.* at 764 (¶13) (emphasis added). Because the court reversed only a portion of Sallie's sentence – namely the firearm enhancement – the remaining portions of the sentence were included in the "affirmed in part" order of the court and thus were not within the jurisdiction of the trial court to alter upon remand.

¶16. In addition to the trial court's lack of jurisdiction to alter the sentence on remand, its resentencing was illegal. The supreme court has also held that "once a circuit or county court exercises its option to impose a definite sentence, it cannot subsequently set such a sentence aside and impose a greater sentence." *Leonard v. State*, 271 So. 2d 445, 447 (Miss. 1973). That principle was further reiterated by this Court in *Eastman,* where we held that a court may "enforce the terms of the original sentence . . . [but] act[s] improperly by amending the initial sentence [to a greater sentence], as our caselaw has long held such alterations are improper." *Eastman v. State*, 909 So. 2d 171, 173 (¶10) (Miss. Ct. App. 2005). The trial court's resentencing of Sallie on the convictions of aggravated assault and felon in possession of a firearm improperly amended Sallie's original sentence of twenty years on those two convictions to a greater sentence of thirty years.

8

¶17.    The majority acknowledges that a trial court cannot issue a greater sentence on remand than that which was previously ordered following trial, nor can it restructure concurrent sentences into consecutive sentences to result in a greater overall sentence. However, the majority believes that this principle is not violated here because Sallie's original overall sentence (including the firearm enhancement) was thirty years, and he was resentenced (without the firearm enhancement) to thirty years, resulting in no greater sentence but rather the same length of time.  The configuration is misguided.  The supreme court's vacation of the firearm enhancement left in effect the original sentence of twenty years for aggravated assault and ten years for felon in possession of a firearm, to run concurrently for a total of twenty years.  The trial court's resentencing exceeds by ten years the original sentence as it remains after the supreme court's mandate to vacate the firearm enhancement.

¶18.    The trial court lacked jurisdiction to amend the portions of Sallie's sentence that were affirmed by the supreme court.  Further, I do not find that the supreme court's vacation of the firearm enhancement was simply to allow the trial court to reconfigure Sallie's sentence again to achieve the same amount of time as the original and vacated sentence by disrupting well-settled law that a trial court cannot impose a greater sentence than that which it has already ordered.  I believe the trial court erred in restructuring Sallie's original concurrent sentences to run consecutively, both violating the supreme court's mandate and resulting in a greater sentence than that which was originally imposed for the two convictions; thus, the sentence is illegal.  Therefore, I respectfully dissent.

**JAMES, J., JOINS THIS OPINION; IRVING, P.J., JOINS THIS OPINION IN PART.**