BEAM, JUSTICE, FOR THE COURT:
 

 ¶ 1. Craig Sallie was charged with one count of aggravated assault for shooting Gregory Johnson in the back and one count of possession of a weapon by a convicted felon. A Madison County jury found Sallie guilty of both counts, and the circuit court sentenced him to twenty years and ten years, respectively, with sentences to run concurrently in the custody of the Mississippi Department of Corrections (MDOC). The circuit court also sentenced Sallie to an additional ten years pursuant to the firearm-enhancement statute under Mississippi Code Section 97-37-37 (Rev. 2014), with that sentence to run consecutively to the other sentences, for a total sentence of thirty years in the MDOC. The Court of Appeals affirmed.
 

 Sallie v. State
 
 ,
 
 155 So.3d 872
 
 (Miss. Ct. App. 2013) (
 
 Sallie I
 
 ).
 

 ¶ 2. On writ of certiorari, a majority of this Court found "Sallie was not given adequate pretrial notice that an enhanced punishment would be sought until after his conviction," which violated his right to due process.
 
 Sallie v. State
 
 ,
 
 155 So.3d 760
 
 (Miss. 2015) (
 
 Sallie II
 
 ).
 
 [1]
 
 The majority affirmed Sallie's convictions for aggravated assault and felon in possession of a firearm but vacated Sallie's sentence and remanded the case to the circuit court for resentencing.
 

 ¶ 3. On remand, the circuit court restructured Sallie's remaining sentences to run consecutively instead of concurrently, resulting in a thirty-year sentence without the enhanced penalty portion prescribed by Section 97-37-37. Finding no error, the Court of Appeals affirmed.
 
 Sallie v. State
 
 ,
 
 237 So.3d 758
 
 ,
 
 2016 WL 7636895
 
 , 2015-KA-00819-COA (Miss. Ct. App. Dec. 6, 2016) (
 
 Sallie III
 
 ).
 
 [2]
 

 ¶ 4. Sallie petitions this Court for certiorari review, raising one issue:
 

 Whether the trial court's decision to change the sentences to run [consecutively] on Count I and Count II was error because the Court of Appeals affirmed those convictions and sentences and the Mississippi Supreme Court remanded only the sentence pursuant to [ Section 97-37-37 ].
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 5. On November 28, 2011, Johnson walked past Sallie's house en route to his own home. Sallie, who previously had accused Johnson of stealing a bottle of whisky from him, yelled at Johnson, demanding that Johnson come into his (Sallie's) yard. Johnson refused and told Sallie to come into the street so they could settle the dispute "like men." Johnson called Sallie an expletive and then turned to walk away. Sallie pulled out a gun and started shooting. Sallie shot Johnson five times, with one bullet hitting Johnson in the spine, paralyzing him from the waist down.
 

 ¶ 6. Sallie was charged with aggravated assault and possession of a firearm by a convicted felon. The jury found Sallie guilty of both counts. Afterward, the trial court scheduled a sentencing hearing and stated, "I also wish to consider the firearm enhancement as provided by 97-37-37(2)."
 
 See
 

 Miss. Code Ann. § 97-37-37
 
 (2) ("any convicted felon who uses or displays a firearm during the commission of any felony shall ... be sentenced to an additional term of imprisonment ... of ten (10) years").
 

 ¶ 7. At the sentencing hearing, Sallie objected to application of Section 97-37-37 based on lack of notice from the State and based on the trial court raising the enhancement sua sponte. The trial court sentenced Sallie to twenty years for aggravated assault, ten years for felon in possession of a firearm; the court then enhanced the sentence by ten years under Section 97-37-37(2).
 

 ¶ 8. Sallie appealed, claiming the trial court erred by limiting Sallie's cross-examination
 of Johnson at trial, and that the firearm enhancement to his sentence post-trial was illegal given that Sallie did not receive pretrial notice that he might be sentenced under that statute. The Court of Appeals found no merit in either assignment of error raised by Sallie.
 

 ¶ 9. Addressing the latter issue, the Court of Appeals found the enhanced portion of Sallie's sentence did not run afoul of
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 ,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 (2000), and therefore was legal.
 
 Sallie (I)
 
 , 155 So.3d at 875. In analyzing
 
 Apprendi
 
 , the court found that all the elements of the firearm enhancement had been submitted properly to the jury and had been found by the jury beyond a reasonable doubt.
 
 Id.
 
 The court concluded that the indictment did not need to reference the enhancement statute; therefore, there was no unfair surprise regarding the firearm enhancement.
 
 Id.
 

 ¶ 10. This Court granted certiorari, stating:
 

 We agree that the trial court did not abuse its discretion by limiting Sallie's cross-examination of Johnson. Therefore, we limit our review to the question of whether Sallie received fair notice of the firearm enhancement.
 
 See
 

 Guice v. State
 
 ,
 
 952 So.2d 129
 
 , 133 (Miss. 2007) (Supreme Court "unquestionably" has the authority to limit the issues on review).
 

 Sallie
 
 (
 
 II
 
 ), 155 So.3d at 762.
 

 ¶ 11. In analyzing the issue, this Court agreed with the Court of Appeals as to
 
 Apprendi
 
 , that the jury had found the elements of the firearm enhancement beyond a reasonable doubt.
 
 Id.
 
 at 762-63. But the majority also found that Sallie did not receive fair notice that an enhanced punishment would be sought until after his conviction, which violated Sallie's right to due process.
 
 Id.
 
 at 764.
 

 ¶ 12. The majority concluded as follows:
 

 We decline to find error that would reverse Sallie's convictions. Therefore, we affirm in part the judgments of the Court of Appeals and the trial court. However, we find that Sallie did not receive timely or sufficient notice that the State intended to enhance his sentence using the firearm enhancement. Using the firearm enhancement to increase Sallie's sentence resulted in unfair surprise. Accordingly, we reverse in part the judgments of the Court of Appeals and the trial court, vacate Sallie's sentence, and remand the case to the Madison County Circuit Court for resentencing.
 

 Id
 
 .
 

 ¶ 13. On remand, the trial court held a sentencing hearing, after which the trial court stated for the record as follows:
 

 All right. I'm going to impose the same sentence as to Count I: 20 years in the custody of the [MDOC.]
 

 The same sentence in Count II: 10 years in the custody of the of the [MDOC], but I'm going to order that those sentences run consecutively to each other.
 

 When I imposed the original sentence and ordered that they run concurrently, I believe[d] that he was going to have another 10-year sentence that would be running consecutively to those sentences, and the [Supreme] Court has now found that that particular enhancement was improper, so that'll be the sentence of the [c]ourt.
 

 ¶ 14. Sallie appealed, claiming the trial court was without authority to alter the sentences from running concurrently to running consecutively. The case was assigned to the Court of Appeals.
 

 ¶ 15. On appeal, Sallie relied primarily on two cases for his claim that the change to his original sentence was illegal:
 
 Leonard v. State
 
 ,
 
 271 So.2d 445
 
 (Miss. 1973) ; and
 
 Eastman v. State
 
 ,
 
 909 So.2d 171
 
 (Miss. Ct. App. 2005).
 
 Sallie
 
 (
 
 III
 
 ),
 
 237 So.3d at 760-62
 
 ,
 
 2016 WL 7636895
 
 , at **2-3. In
 
 Leonard
 
 , this Court held that "once a circuit or county court exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence."
 
 Leonard
 
 ,
 
 271 So.2d at 447
 
 .
 
 Eastman
 
 reiterated the same.
 

 ¶ 16. The Court of Appeals affirmed the trial court's sentencing order.
 
 Sallie
 
 (
 
 III
 
 ),
 
 237 So.3d at 761-62
 
 ,
 
 2016 WL 7636895
 
 , at *3. Finding both
 
 Leonard
 
 and
 
 Eastman
 
 inapplicable, the Court of Appeals reasoned that this Court had vacated Sallie's entire sentence in
 
 Sallie
 
 (
 
 II
 
 ) ; therefore, the trial court had the authority to impose upon Sallie a new sentence within the same thirty-year parameter structured by the trial court in its original sentencing order.
 
 Sallie
 
 (
 
 III
 
 ),
 
 237 So.3d at 761-62
 
 ,
 
 2016 WL 7636895
 
 , at *3. We agree with the Court of Appeals.
 

 DISCUSSION
 

 ¶ 17. Sentencing lies within the complete discretion of a sentencing judge and is not subject to appellate review if it is within the limits prescribed by statute.
 
 Hoops v. State
 
 ,
 
 681 So.2d 521
 
 (Miss. 1996). Generally, as was the case in both
 
 Leonard
 
 and
 
 Eastman
 
 , once a criminal case "has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment."
 
 Creel v. State
 
 ,
 
 944 So.2d 891
 
 , 893-94 (Miss. 2006) (quoting
 
 Harrigill v. State
 
 ,
 
 403 So.2d 867
 
 , 868-69 (Miss. 1981),
 
 partially superseded by statute
 
 ,
 
 Miss. Code Ann. § 99-39-3
 
 (1) (Rev. 2015) ).
 
 [3]
 
 As well, the circuit court in most instances loses jurisdiction to amend or modify its sentence once a case has been appealed from the circuit court to this Court.
 
 Harrigill
 
 ,
 
 403 So.2d at
 
 868 (citing
 
 Denton v. Maples
 
 ,
 
 394 So.2d 895
 
 (Miss. 1981) ).
 
 [4]
 
 On appeal, both this Court and the Court of Appeals "ha[ve] appellate jurisdiction to either affirm, reverse and remand, or reverse and render the judgment the lower court should have rendered."
 

 Id.
 

 Neither court has the authority to review a case "and make an arbitrary decision to amend the original sentence in any way."
 
 Ethridge v. State
 
 ,
 
 800 So.2d 1221
 
 , 1225 (Miss. Ct. App. 2001) (citing
 
 Harrigill
 
 ,
 
 403 So.2d at
 
 869 ).
 

 ¶ 18. If a case is affirmed on appeal, "the lower court is issued a mandate
 to perform purely ministerial acts in carrying out the original sentence."
 
 Harrigill
 
 ,
 
 403 So.2d at 868
 
 . But if the case is remanded for a new trial, the circuit court again is invested with jurisdiction and discretionary sentencing authority with regard to that particular case.
 

 Id.
 

 at 869
 
 . In such instances, the same or even a greater sentence than the one previously ordered may be imposed upon the defendant following a new trial and conviction for the same charge(s).
 
 See
 

 Ross v. State
 
 ,
 
 480 So.2d 1157
 
 , 1160 (Miss. 1985) (explaining that as long as there is no vindictive motivation against the defendant for having successfully challenged his first conviction, "[t]he imposition of a harsher sentence by a judge following a new trial and conviction is not violative of the federal, or Mississippi's, Constitution");
 
 [5]
 

 see also
 

 Tiller v. State
 
 ,
 
 440 So.2d 1001
 
 , 1006 (Miss. 1983) ;
 
 Sanders v. State
 
 ,
 
 440 So.2d 278
 
 , 288 (Miss. 1983),
 
 superseded by statute on other grounds
 
 .
 

 ¶ 19. The question here, though, is whether the circuit court had discretionary sentencing authority to modify its original sentence after this Court affirmed Sallie's convictions but vacated Sallie's sentence on the finding that using the firearm enhancement to increase his sentence violated Sallie's right to due process.
 

 ¶ 20. We find the answer to this question is yes.
 

 ¶ 21. While we know of no prior decision either from this Court or the Court of Appeals that has addressed the precise question presented in this case, a number of cases illustrate the general understanding that when an original sentence has been vacated for illegality, a subsequent sentencing court has discretionary authority over the new sentence.
 

 ¶ 22.
 
 Grubb v. State
 
 ,
 
 584 So.2d 786
 
 (Miss. 1991), is one example. There, the circuit court attempted to correct an illegal sentence it previously had imposed upon a defendant who had pleaded guilty to kidnapping.
 

 Id.
 

 at 790
 
 . The trial judge originally had sentenced the defendant to life in prison following the guilty plea, with eligibility for parole.
 

 Id.
 

 at 787
 
 . But under the kidnapping statute, only a jury could impose a life sentence, whereas the trial judge could fix the penalty at no more than thirty years and no less than one year.
 

 Id.
 

 at 789 (citing
 
 Miss. Code Ann. § 97-3-53
 
 ). Following a number of post-conviction relief (PCR) requests filed by Grubb, the trial judge resentenced him to twenty years through a
 
 nunc pro tunc
 
 order relating back to the defendant's guilty plea for kidnapping.
 

 Id.
 

 at 787-790
 
 . However, when the trial judge resentenced Grubb, an appeal already had been perfected to this Court from the trial court's previous denial of Grubb's PCR petition on the basis it constituted a successive writ.
 

 Id.
 

 at 789-90
 
 . Reviewing the matter on appeal, this Court agreed the life sentence was illegal and vacated it.
 

 Id.
 

 But the
 
 Grubb
 
 Court could not affirm the trial court's new, twenty-year sentence because the trial court had lost jurisdiction over the case once an appeal was perfected to this Court.
 

 Id.
 

 at 790
 
 . In remanding the matter to the trial court, the
 
 Grubb
 
 Court stated as follows:
 

 This remand is expressly without prejudice to Grubb's right to seek imposition of the same twenty (20) year sentence imposed by the trial court at his resentencing hearing and without prejudice to
 the circuit court's right to favorably consider that request,
 
 if it so desires
 
 .
 

 Id.
 

 (emphasis added).
 

 ¶ 23.
 
 Perryman v. State
 
 ,
 
 120 So.3d 1048
 
 (Miss. Ct. App. 2013), also illustrates the discretionary authority a subsequent sentencing judge has with a new sentence upon vacation of a defendant's original sentence. There, the defendant pleaded guilty to four counts of aggravated assault and one count of felon in possession of a firearm.
 

 Id.
 

 at 1050
 
 . He was sentenced as a habitual offender (under Mississippi Code Section 99-19-81 ) to twenty years on each aggravated-assault count and to three years on the firearms count, with all sentences running concurrently.
 

 Id.
 

 at 1051
 
 . Years later,
 
 Perryman
 
 filed a motion to correct or modify his sentence, claiming his habitual-offender status was illegal.
 

 Id.
 

 A new circuit judge presiding over the matter treated it as a PCR motion and agreed with Perryman that the statutory requirements for his habitual-offender status were not met.
 

 Id.
 

 The judge vacated the original sentence and ordered resentencing.
 

 Id.
 

 After conducting a resentencing hearing, the judge sentenced Perryman to twenty years on each of the four aggravated-assault counts and three years on the firearm charge.
 

 Id.
 

 The judge then ordered two of the twenty-year sentences to run consecutively, not concurrently, as the previous judge had ordered, which effectively gave Perryman forty years, without habitual-offender status.
 

 Id.
 

 ¶ 24. On appeal, the Court of Appeals vacated the new sentence and remanded for resentencing on the basis that Perryman's purported waiver of his right to counsel at the new sentencing hearing was involuntary.
 

 Id.
 

 at 1057
 
 . But in reaching its decision, the Court of Appeals expressly found no merit in Perryman's claim that the new, harsher sentence gave rise to a presumption of judicial vindictiveness in violation of
 
 Ross
 
 and
 
 Pearce
 
 .
 

 Id.
 

 at 1052-54
 
 . Justice Maxwell, then serving on the Court of Appeals and writing for the court, first explained that the vindictiveness-presumption standard emanating from
 
 Pearce
 
 has since "been substantially watered down" by the United State Supreme Court, "and even rendered inapplicable in some instances, depending on the particular resentencing."
 

 Id.
 

 at 1052 (citing
 
 Colten v. Kentucky
 
 ,
 
 407 U.S. 104
 
 ,
 
 92 S.Ct. 1953
 
 ,
 
 32 L.Ed.2d 584
 
 (1972), and
 
 Chaffin v. Stynchcombe
 
 ,
 
 412 U.S. 17
 
 ,
 
 93 S.Ct. 1977
 
 ,
 
 36 L.Ed.2d 714
 
 (1973) ). Pointing to this Court's decision in
 
 Bush v. State
 
 ,
 
 667 So.2d 26
 
 (Miss. 1996), the
 
 Perryman
 
 Court noted that, like the United States Supreme Court, this Court has rejected the
 
 Pearce
 
 presumption in cases in which successor judges had imposed new sentences.
 
 Id.
 
 at 1053.
 

 ¶ 25. Next, in finding that Perryman had presented no proof of actual vindictiveness, the Court of Appeals noted that "[n]ot only was the second sentence well below the statutory maximum terms, ... it was also crafted to address the violent nature of Perryman's admitted criminal acts."
 
 Id.
 
 at 1054. The second judge was concerned with Perryman's criminal history, which indicated Perryman had "some violent tendencies."
 
 Id
 
 . (quoting the trial judge). But the judge also ordered that Perryman receive credit for time served, and ordered MDOC " 'to treat the sentence is if it had been imposed as the original sentence' and to afford Perryman consideration of 'any and all parole, good time, earned time, etc.,' to which he would have been entitled if he had not been improperly sentenced as a habitual offender by the first judge."
 
 Id.
 
 (quoting the trial judge).
 

 ¶ 26. Indeed, this fundamental view with regard to sentencing discretion has been espoused in numerous federal cases addressing the type of circumstance we have
 before us here. In
 
 United States v. Pimienta-Redondo
 
 ,
 
 874 F.2d 9
 
 (1st Cir. 1989), a defendant was convicted of two drug-related offenses and sentenced by the federal district court to five years on each count, with each sentence running consecutively.
 

 Id.
 

 at 11
 
 . On appeal, the First Circuit affirmed one of the counts but reversed the other count and remanded the case for resentencing.
 

 Id.
 

 at 12
 
 . On remand, the federal district court resentenced the defendant to ten years on the affirmed count.
 

 Id.
 

 The defendant again appealed to the First Circuit, claiming he was denied due process of law by the district court's enhancement of his sentence and that the enhanced sentence violated the Double-Jeopardy Clause.
 

 Id.
 

 The First Circuit found no merit to these claims and affirmed the district court's "retrofitted" sentence.
 

 Id.
 

 ¶ 27. The First Circuit reiterated that "[c]riminal sentences do not possess the constitutional finality and conclusiveness that attach to a jury's verdict of acquittal," and "[c]onsequently, neither appellate review of sentences, ... nor increases after appeal ... will ordinarily implicate double jeopardy considerations."
 

 Id.
 

 at 16 (citing
 
 United States v. DiFrancesco
 
 ,
 
 449 U.S. 117
 
 , 132-39,
 
 101 S.Ct. 426
 
 , 434-39,
 
 66 L.Ed.2d 328
 
 (1980) ). "A defendant 'has no legitimate expectation of finality in the original sentences when he has placed those sentences in issue by direct appeal and has not completed serving a valid sentence.' "
 

 Id.
 

 (quoting
 
 United States v. Anderson
 
 ,
 
 813 F.2d 1450
 
 , 1461 (9th Cir. 1987) ).
 

 ¶ 28. The First Circuit explained that numerous factors underlie a sentencing judge's ultimate sentencing plan, such as an "accused's actual conduct during the criminal enterprise, as well as his life, health, habits and background."
 
 Id.
 
 at 14. And in a multicount case, these factors "are not necessarily altered when a defendant successfully appeals his conviction on one count."
 
 Id.
 
 The First Circuit reasoned that "[a]fter an appellate court unwraps" the original sentencing package by removing "one or more charges from its confines, ... common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan," and be allowed "to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal."
 
 Id.
 
 (citing
 
 United States v. Bentley
 
 ,
 
 850 F.2d 327
 
 , 328-29 (7th Cir. 1988),
 
 cert. denied
 
 ,
 
 488 U.S. 970
 
 ,
 
 109 S.Ct. 501
 
 ,
 
 102 L.Ed.2d 537
 
 (1988) ("whenever a reversal on appeal undoes a sentencing plan, or even calls the plan into question, the district court should be invited to resentence the defendant on all counts in order to achieve a rational, coherent structure in light of the remaining convictions");
 
 United States v. Diaz
 
 ,
 
 834 F.2d 287
 
 , 290 (2d Cir.1987) (trial judge could change sentence on remand to carry out original intention),
 
 cert. denied
 
 ,
 
 488 U.S. 818
 
 ,
 
 109 S.Ct. 57
 
 ,
 
 102 L.Ed.2d 35
 
 (1988) ;
 
 United States v. Busic
 
 ,
 
 639 F.2d 940
 
 , 947 (3d Cir. 1981),
 
 cert. denied
 
 ,
 
 452 U.S. 918
 
 ,
 
 101 S.Ct. 3055
 
 ,
 
 69 L.Ed.2d 422
 
 (1981) (same) ).
 

 ¶ 29. In
 
 United States v. Shue
 
 ,
 
 825 F.2d 1111
 
 (7th Cir. 1987), the Seventh Circuit held that the district court had authority to resentence the defendant to effectuate its original sentencing intent after partial reversal of the defendant's convictions under a multicount indictment. The Seventh Circuit said, "we are mindful of the Supreme Court's admonition in
 
 DiFrancesco
 
 that 'the Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.' "
 

 Id.
 

 at 1114
 
 (quoting
 
 DiFrancesco
 
 ,
 
 449 U.S. at 135
 
 ,
 
 101 S.Ct. 426
 
 ). The Seventh Circuit explained that "[w]hen a defendant is convicted of more
 than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent."
 

 Id.
 

 And "[b]ecause the sentences are interdependent, reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions."
 

 Id.
 

 ¶ 30. That is what occurred here. Following this Court's order of remand for resentencing, the circuit judge stated for the record that when he imposed Sallie's original sentence, he thought Sallie "was going to have another 10-year sentence that would [run] consecutively" to the two sentences running concurrently, effectively giving Sallie a thirty-year sentence in the custody of the MDOC. The circuit judge then restructured Sallie's sentence to implement his original intention. As the Court of Appeals held, the circuit court had authority to do so, and we affirm.
 

 CONCLUSION
 

 ¶ 31. The judgments of the Madison County Circuit Court and the Court of Appeals are affirmed.
 

 ¶ 32.
 
 AFFIRMED
 
 .
 

 RANDOLPH, P.J., COLEMAN, MAXWELL AND CHAMBERLIN, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND KITCHENS, P.J. ISHEE, J., NOT PARTICIPATING.
 

 King, J., for the Court. Waller, C.J., Kitchens, Chandler and Coleman, JJ., concurring. Dickinson, P.J., concurring with separate, written opinion joined by Kitchens, Chandler, and Coleman, JJ. Randolph, P.J., concurring in part and dissenting in part with separate, written opinion joined by Lamar and Pierce, JJ.
 

 Ishee, J., writing. Griffis, P.J., Barnes, Carlton, Fair, Wilson and Greenlee, JJ., concurring. Lee, C.J., dissenting with separate, written opinion, joined by James, J.; Irving, P.J., joining in part.
 

 "[U]nless the circuit court has deferred sentence, or placed the defendant upon a suspended sentence and retained jurisdiction for this specific purpose as authorized by statute, the power of the circuit court to alter or mend its sentence is terminated."
 
 Harrigill
 
 ,
 
 403 So.2d at 869
 
 . Also, the Uniform Mississippi Post-Conviction Collateral Relief Act provides jurisdiction to the circuit court to consider resentencing a criminal when certain criteria as set forth in Mississippi Code Section 99-39-5 are present.
 
 Creel
 
 ,
 
 944 So.2d at 894
 
 .
 

 But see also
 

 Gardner v. State
 
 ,
 
 547 So.2d 806
 
 , 807 (Miss. 1989), explaining:
 

 It is certainly true that the Circuit Court had no authority to resentence Gardner until Jurisdiction of the case was revested there, although the view once that the jurisdiction of this Court wholly deprived the trial court of authority to take any action at all has been considerably ameliorated.
 
 See, e.g.
 
 , Rule 60, Miss. R. Civ. P.; Rules 3, 6, 8, 9, 10, 11, Miss. Sup. Ct. Rules;
 
 Ward v. Foster
 
 ,
 
 517 So.2d 513
 
 , 516-517 (Miss. 1987) ;
 
 Wilson v. State
 
 ,
 
 461 So.2d 728
 
 , 729 (Miss. 1984).
 

 See also
 

 Creel
 
 ,
 
 944 So.2d at 893
 
 , explaining that trial courts retain jurisdiction under the provisions of Mississippi Code Section 47-7-47, which does not pertain to resentencing but "pertains only to a suspension of the further execution of a sentence and to the placement of the convicted felon on earned probation."
 

 Ross
 
 adopted the Supreme Court's pronouncement in
 
 North Carolina v. Pearce
 
 ,
 
 395 U.S. 711
 
 , 726,
 
 89 S.Ct. 2072
 
 ,
 
 23 L.Ed.2d 656
 
 (1969), which held that a presumption of vindictiveness attaches when a defendant receives a harsher sentence on resentencing by the same judge who imposed the previous sentence.