LEE, C.J., SPECIALLY CONCURRING:
 

 ¶ 61. I agree with the majority that the evidence is insufficient to support O'Kelly's conviction for depraved-heart murder, and therefore, should be reversed.
 

 ¶ 62. I write separately to express that I disagree, however, that where we have affirmed O'Kelly's conviction for trafficking in a controlled substance, the case should be remanded for resentencing on the trafficking conviction. I recognize that the majority correctly relies on the Mississippi Supreme Court's recent decision in
 
 Sallie v. State
 
 ,
 
 237 So.3d 749
 
 (Miss. 2018), for its course in remanding the case for resentencing on the trafficking conviction. But, for the same reasons I dissented in
 
 Sallie v. State
 
 ,
 
 237 So.3d 758
 
 , 762 (¶ 11) (Miss. Ct. App. 2016), I am again compelled to state my concerns that this presents the circuit court with an opportunity to improperly amend O'Kelly's sentence on his affirmed trafficking conviction.
 

 ¶ 63. Our caselaw has long held that, "Once a circuit or county court exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence," as "such alterations are improper."
 
 Eastman v. State
 
 ,
 
 909 So.2d 171
 
 , 173 (¶ 10) (Miss. Ct. App. 2005). But this new course, as permitted by the supreme court's decision in
 
 Sallie
 
 , gives the circuit court the opportunity to do just that. I fundamentally disagree that where an appellate court has found one conviction or sentence improper, we should disrupt that which was not found improper. Just as when "a case is
 affirmed on appeal, the lower court is issued a mandate to perform purely ministerial acts in carrying out the original sentence[ ]" so also should it be where an individual conviction is affirmed on appeal.
 
 Sallie,
 
 237 So.3d at 753-54 (¶ 18). Accordingly, I would find that in the instant case, the circuit court should only perform the ministerial act of rendering a judgment of acquittal on O'Kelly's depraved-heart-murder conviction and imposing the original sentence as to his trafficking conviction.
 

 ¶ 64.
 
 Sallie
 
 's holding gives way to punish a defendant who prevails in part on appeal by exposing him to a greater sentence than he originally incurred-even for the conviction that was affirmed. Despite his success, the circuit court may still exact "one pound of flesh,"
 
 [8]
 
 except in this instance-maybe more, maybe less. For these reasons, I specially concur.
 

 IRVING, P.J., WESTBROOKS AND TINDELL, JJ., JOIN THIS OPINION.
 

 William Shakespeare,
 
 The Merchant of Venice
 
 , act 4, sc. 2.